365 So.2d 27 (1978)
U. Jens LORENZ, Donald C. Pittman, C. Edward Pittman, d/b/a Building Construction Company
v.
PLAQUEMINES PARISH COMMISSION COUNCIL.
No. 9537.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1978.
Writ Refused December 14, 1978.
Noble, Slaughter, Clayton & Lorenz, Rainer Lorenz, New Orleans, for plaintiffs-appellants.
Provensal & Fitzmaurice, Sidney W. Provensal, Jr., New Orleans, for defendant-appellee.
Before REDMANN, BOUTALL and GARRISON, JJ.
BOUTALL, Judge.
This is a case involving the right of a public governing body to waive a requirement set out in their advertisement for bids.
The facts are these: On May 20, 1975, bids were received and opened by the Plaquemines Parish Highway Engineering & Construction Agency for the construction of an access road for the appellee, Plaquemines Parish Council. A total of ten bids were submitted, with a low bid being submitted by Barriere Construction Company. That company had, however, inadvertently omitted a bid bond from its submission of the bid, despite the fact that the bonds were required by the invitation to bid. The bond was hand delivered to the office and while the Parish Engineer was considering the bids to make recommendations to the Council. The Council, on the recommendation of the Parish Engineer, voted to waive the "irregularity" and by resolution of June 4, 1975, awarded the contract to the lowest bidder, Barriere. The difference between the lowest bid and the second lowest bid was approximately $500.00.
The appellants, the second lowest bidders, filed suit contending that it was not within the power of the Council to waive the bid bond requirement once the advertisement has stipulated that bonds were to be included. The Council filed a motion for summary judgment. The court maintained, dismissing *28 the suit. This appeal was then taken.
The primary purpose of the public bid laws is to protect the public against contracts entered into because of favoritism of public officials and contracts involving exhorbitant prices. Public bidding invites competition amongst those contractors engaged in this type of business and insures that the taxpayer receives the benefit of the lowest bid. Martin v. Louisiana Stadium and Exposition District, 349 So.2d 349 (La.App.1977); D. J. Talley, Inc. v. City of New Orleans, 303 So.2d 195 (La.App. 4th Cir. 1974).
To further protect the public, the Legislature has decreed that a public body may require a bid bond as evidence of good faith of the bidder. This is contained in Louisiana Revised Statute 38:2218 which reads as follows:
"2218. Evidence of good faith
"The public entity advertising for bids for work may require the bidders to attach a certified check, cashier's check, or bid bond for not more than five percent of the estimated price of supplies or materials, or contract price of work to be done, as an evidence of good faith of the bidder."
This Statute is clearly permissive in nature and in no way requires a public body to advertise for a bid bond. Appellant argues, however, that once the body does so, any bid received with a bond must be rejected to avoid infringement of the rights of other bidders.
Our attention has been directed to an opinion of the Attorney General of Louisiana, # 74-452 of 1974, which reads in pertinent part:
"It is further the opinion of this office that the bid bond and any certificate of non-collusion required should be supplied according to the practices of the body involved and failure to supply such documents at all should be grounds to reject such a bid as such items are of a very serious nature and are integral in protecting public interest. Decisions on other matters of form should not work to prejudice the public in any substantial way especially in a situation where the lowest bid would save a great deal of money." Opin.Atty.Gen. 1974-5, P. 41.
We are in agreement with these principles and note that in this case the bond was indeed furnished.
The issue in this case, therefore, focuses not on whether a public body may waive the requirement of a bid bond, but on whether a body may waive the procedural matter of furnishing the bid bond with the bid. Under the circumstances of this case, we feel that public bodies may do so.
The trial judge felt that the circumstances of this case, namely, that the bond was inadvertently omitted and delivered by hand on the same day, bring it under the heading of those cases in which the mere informality as to bid form must bow to the primary consideration of the public interest to which the Attorney General refers. We emphasize that there is no evidence of favoritism or fraud in the record and that the bid bond was furnished before the contract was awarded. We do not deal with a situation in which one bidder can underbid others since he knows that his price need not include a bond. See, for example, the opinion of this court in Jefferson Parish School Board v. Rowley Company, Inc., 350 So.2d 187 (La.App. 4th Cir. 1977).
Appellant relies on the cases of Toye Bros. v. City of New Orleans, 264 So.2d 768 (La.App. 4th Cir. 1972) and Sullivan v. City of Baton Rouge, 345 So.2d 912 (La.App. 1st Cir. 1976) in arguing that the lack of a bid bond is a substantial variance from what is called for in the specifications and that, therefore, the bid must be rejected. We do not believe, however, that the failure to include the bond with the bid is a substantial variance from the bid specifications where the bond is delivered by hand on the day that bids are opened and no prejudice can be shown to other bidders by this procedure.
Reasonable discretion of local governing bodies should not be set aside in absence of proof of abuse of discretion. Celestine v. *29 Lafayette Parish School Board, 284 So.2d 650 (La.App. 3rd Cir. 1973); Toye Bros. supra. As pointed in Tide Equipment Company v. Pointe Coupee Police Jury, 312 So.2d 154 (La.App. 1st Cir. 1975), the Parish governing body has a "right to be wrong" about whether or not a bidder has substantially complied with a bid specification "as long as they do not do so unfairly". In the absence of any fraud or unfairness, that rule is applicable here.
For all of the above reasons, the decision of the trial court dismissing the suit is affirmed. All costs of the proceeding to be paid by the appellants.
AFFIRMED.
REDMANN, Judge, dissenting.
If a bid bond is required at all, it is the price of admission to the bidding. It is unfair to other bidders who paid the price of admission beforehand and irrevocably, to award the prize to one who did not pay the price beforehand and who would not have paid it had he not won. It is favoritism towards a bidder to let him bid and then see all other bids before he decides whether or not to post a bid bond.