SCHOTT, Judge.
This is an appeal by plaintiff from a dismissal of her tort suit for damages she sustained while on duty as a New Orleans police officer. Defendants-appellees are the City of New Orleans, its police department, and James Parsons, police superintendent. The issue is whether, under the allegations of plaintiff’s petition, her work *563 ers’ compensation remedy is exclusive, or, conversely, has she stated a cause of action against defendants for intentional tort.
When plaintiff’s brief was filed in this court in January, 1981, she properly relied on Bazley v. Tortorich, 380 So.2d 727 (La.App. 4th Cir. 1980) which supported her theory of liability against Parsons. However, this court’s decision in Bazley was subsequently reversed by the Supreme Court, 397 So.2d 475 (La.1981) and before oral argument plaintiff was ordered to reconsider her position.
She now contends that her allegations are sufficient under the Supreme Court’s Bazley ruling to state a cause of action against Parsons as well as the city and its police department because of her inclusion of the words “willfully and recklessly” as applicable to defendants’ actions. We disagree.
Plaintiff alleges she was injured while attempting to make an arrest. She states:
“X
The aforementioned accident and injuries suffered by the petitioner were solely a result of the negligence of the defendant, City of New Orleans, New Orleans Police Department and James Parsons in the following manners:
(A) Willfully and recklessly sending the petitioner on night patrol without a partner and without a cage in the patrol car when they knew that such a practice was ultra-hazardous.
(B) Sending the petitioner on night patrol alone in an area known by them to be a high crime district.
(C) Failing to provide enough patrol cars with cages to the 1st District, a known high crime area, which, if done, would have prevented this accident.
(D) Others too numerous to mention which will be brought out during the trial.”
“XIII
At all times pertinent to this suit the defendants, James Parsons, and John Doe were acting within the course and scope of their employment with the City of New Orleans and therefore the City of New Orleans is responsible for their negligence under the doctrine of respondent superior.”
We have concluded that these allegations are not sufficient to allege intentional tort on the part of Parsons as discussed by the Supreme Court. However, considering C.C.P. Art. 934 and assuming that plaintiff can allege facts establishing that Parsons intended to injure her, we will allow plaintiff an opportunity to amend her petition to state a cause of action against Parsons.
However, as to the city and department Art. 934 is not applicable because we cannot conceive of an amendment which could remove the grounds of the objection.
Act 147 of 1976 amending R.S. 23:1032 did not affect the employer’s tort liability for intentional tort, Guidry v. Aetna Casualty & Surety Co., 359 So.2d 637 (La. 1st Cir. 1978). Plaintiff contends her petition states a cause of action against the city and the department for vicarious liability for Parsons’ intentional tort. Such cases as Miller v. Keating, 349 So.2d 265 (La.1977) and Lebrane v. Lewis, 292 So.2d 216 (La.1974) are examples of employers being held liable for employees’ intentional torts but the circumstances in these cases were highly unusual and in no way similar to the instant case. Even if plaintiff can somehow allege facts which will support the legal conclusion that Parsons’ alleged tort against her was intentional, such facts could not support a conclusion of vicarious liability on the part of the city and the department.
Accordingly, those portions of the judgment sustaining the exceptions of no cause of action and dismissing plaintiff’s suit against the City of New Orleans and the New Orleans Police Department are affirmed. That portion of the judgment dismissing plaintiff’s suit against James C. Parsons is reversed and set aside. The case is remanded to the district court where plaintiff may amend her petition in accord- *564 anee with C.C.P. Art. 934 to state a cause of action against James C. Parsons.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.