430 So.2d 1068 (1983)
Bruce E. MAYER and Dorothy M. Mayer
v.
VALENTINE SUGARS, INC., United States Fidelity and Guaranty Company.
No. 13176.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1983.
Rehearing Denied May 24, 1983.
Ernest Lee Caulfield, New Orleans, for plaintiffs-appellants.
Wood Brown, III, Montgomery, Barnett, Brown & Read, New Orleans, for defendants-appellees.
John L. Dorsey, New Orleans, for amicus curiae Lillie Bates.
Before GARRISON, KLEES, AUGUSTINE, BYRNES and CIACCIO, JJ.
AUGUSTINE, Judge.
Plaintiffs, Bruce Edward Mayer and Dorothy Mae Mayer, filed this suit against defendants, *1069 Blue Cross Insurance Company, Inc., Valentine Sugars, Inc., United States Fidelity and Guaranty Company, Valentine Sugars' liability insurer, and various unnamed officers, shareholders, corporations, and other persons to recover damages sustained by Bruce Edward Mayer in an explosion and fire which occurred on the premises of Valentine Sugars, his employer, on February 8, 1979.
While conceding that an employee's sole remedy against his employer for negligent injuries incurred by him in the course and scope of his employment is under the Louisiana Workmen's Compensation Statute[1], plaintiffs nevertheless seek the refuge of La.R.S. 23:1032, which reads in part:
"Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act." (Emphasis added.)
Plaintiffs' original petition was dismissed for failure to state a cause of action for an intentional tort. On appeal, we affirmed, holding insufficient the plaintiffs' allegation that defendants' enumerated acts and omissions[2] "were of such a nature as to meet any requirements of Louisiana law relative to an intentional tort." The defect of such an allegation, we said, is that it constitutes a "mere conclusion of law and does not comply with the Louisiana requirement for fact pleading." Mayer v. Blue Cross Insurance Co., Inc., 402 So.2d 273, (La.App. 4th Cir.1981). Acknowledging the possibility that the plaintiffs might be able to remove the defendants' objection by a well-pleaded petition"especially with regard to the question of whether Valentine Sugars believed the physical results were substantially certain to follow its alleged acts and omissions" [3]we remanded the case to the trial court for the purpose of allowing the plaintiff to amend in accordance with Bazley v. Tortorich, 397 So.2d 475 (La.1981). In Bazley, the Louisiana Supreme Court defined the meaning of "intent," borrowing from Restatement (Second) of Torts, § 8:
"The meaning of `intent' is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result. Thus intent has reference to the consequences of an act rather than to the act itself." Bazley, supra, at 481.
On remand, plaintiffs amended their petition to allege further specific acts and omissions,[4] including:

*1070 "continuously operating such machinery with knowledge and belief that the resulting fire, explosion and resulting injuries were substantially certain to follow". Paragraph 10K(h).
"continuously operating the said Valentine factory and/or defective, worn, dilapidated equipment with knowledge that the fire, explosion and resulting injuries and/or consequences were certain, or substantially certain to follow." Paragraph 10K(i).
Again the defendants filed an exception of no cause of action and again they were sustained. This appeal followed.
Inasmuch as paragraphs 10K(h) and (i), supra, allege that the defendants acted with the knowledge and belief that the physical resultsinjury to plaintiffwere substantially certain to follow from their acts, the petition adequately alleges the elements of an "intentional act", as that term is defined by Bazley v. Tortorich, supra. If plaintiffs' allegations are to be held insufficient, it must be for the reason that in alleging the elements of an intentional act, the petition again merely states a conclusion of law. But we have recently held an almost identical allegation to be sufficient to defeat an exception of no cause of action. We stated that:
"Allegations of the commission of an intentional act necessarily require assertions dealing with one's frame of mind and thereby involve knowledge and belief that go beyond factual allegations. These assertions of defendants' frame of mind require conclusions by the pleader of knowledge or belief on the part of the defendants that bring their actions within the `intentional act' definition. Whether these allegations of guilty knowledge or belief may or may not be proved is not our concern here when considering whether the petition states a cause of action." Hurst v. Massey, 411 So.2d 622 (La.App. 4th Cir.1982); writ. den. 413 So.2d 900 (La.1982).
We therefore conclude that the petition before the bar sufficiently alleges an ultimate factthe defendant's frame of mindrather than a conclusion of law.[5] Our holding is consistent with Louisiana Code of Civil Procedure Art. 856, which states that
"... Malice, intent, knowledge, and other condition of mind of a person may be alleged generally." (Emphasis added).
The official reporter's comments acknowledge that the above provision is required precisely because such states of mind do not lend themselves to particularized allegation.
We respectfully question whether Keating v. Shell Chemical Co. 610 F.2d 328 (5th Cir.1980) is persuasive authority for the position that the plaintiff's allegations are insufficientthe fatal fault of Keating's petition (in attempting to state an intentional tort) was that "Keating's claims against Shell and its executive officers and Benson may amount to gross negligence at most, but Keating does not state that the damage of the accident was a substantial certainty." Id. at 332. The clear implication is that had Keating made such an allegation, he would have stated a cause of action for intentional tort under Louisiana law. Several recent cases finding a failure to state a cause of action for intentional tort follow the same reasoning as Keating, supra, and in doing so, imply that the petition can be made sufficient by alleging the defendant's knowledge of or belief in the *1071 substantial certainty of the injurious result.[6]
We in no way dispute the distinction between an intentional tort and gross negligence, and we foresee the near-insurmountable difficulty in proving the element of "intent." But under our system, even preposterous factual allegations must be accepted as true for the purposes of an exception of no cause of action, and it remains that if plaintiff proves that the defendant acted with belief that the injurious result was "substantially certain" to follow his conduct, he will have succeeded.
For the reasons assigned, the judgment of the trial court is reversed and the case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
CIACCIO, J., dissenting with written reasons.
CIACCIO, Judge, dissenting.
The majority opinion of this Court found that the plaintiff's petition, as amended, states a cause of action under the "intentional act" exception to the Louisiana Workmen's Compensation Statute. R.S. 23:1021 et seq., at R.S. 23:1032. I respectfully disagree.
The Louisiana Supreme Court in the landmark decision of Bazley v. Tortorich, 397 So.2d 475 (La., 1981), defined the meaning of "intentional act", as that term is used in the compensation statute (R.S. 23:1032), as follows:
"The meaning of intent in this context is that the defendant either desired to bring about the physical result of his act or believed they were substantially certain to follow from what he did."
Moreover, the Louisiana Supreme Court in the decision of George Citizen v. Theodore Daigle & Brothers, Inc., 418 So.2d 598 (La., 1982), in a concurring opinion, by Justice Dennis, stated:
We also noted that courts in most states have required the commission of a genuine intentional tort and have refused to stretch liability to include negligence, recklessness, or constructive intent. (Emphasis supplied)
In discussing the difference between intentional torts and torts arising from negligence, the federal court case of Keating v. Shell Chemical Company is persuasive. 610 F.2d 328 (U.S., 5th Cir., 1980). In that decision, the court stated the following distinction:
Keating argues that the degree of negligence alleged in these paragraphs was so high and the likelihood of an accident so foreseeable, that the torts committed by these defendants were intentional. To accept this argument would be to stretch the meaning of "intent" much too far. Although the line between a highly foreseeable risk and an intentional tort often grows thin, it has always been deemed to exist:
On the other hand, the mere knowledge and appreciation of a risk, short of substantial certainty, is not the equivalent of *1072 intent. The defendant who acts in the belief or consciousness that he is causing an appreciable risk of harm to another may be negligent, and if the risk is great his conduct may be characterized as reckless or wanton, but it is not classed as an intentional wrong. In such cases the distinction between intent and negligence obviously is a matter of degree. Apparently the line has been drawn by the courts at the point where the known danger ceases to be only a foreseeable risk which a reasonable man would avoid, and becomes a substantial certainty.
Prosser, Law of Torts, 4th Ed.1971, at 32. And Guidry, supra, clearly dictates that nothing short of an intentional tort, that is, intent to bring about the event which occurred, will bar exemption from tort liability under § 1032. Keating's claims against Shell and its executive officers and Benson may amount to gross negligence at most...
Just as the word "intent" is not a talisman which will convert allegations into colorable claims of true intentional tort, so likewise, neither will the allegations that the defendants acted with "the knowledge and belief" that the "injuries were substantially certain to follow". The facts presented by the petition must support the legal conclusion that "the injuries were substantially certain to follow". In this case, they do not. At most, the allegations of the plaintiff's petition state a cause of action in tort for gross or wanton negligence. For this reason, I would affirm the decision of the district court which maintained the defendant's exception of no cause of action.
I respectfully dissent.
NOTES
[1] La.R.S. 23:1021, et seq.
[2] 1. Among these were the following: "XIV (C) Failing to take proper measures to prevent an explosion and/or fire when they knew or should have known that a dangerous condition likely to cause an explosion and/or fire existed. XIV (D) Failing to perform recommended safety procedures. XIV (I) Failing to design manufacture, alter, and install a filtration system, to dispose of excess dust which would cause an explosion and fire. XIV (J) Failing to replace delapidated worn-our equipment. XIV (L) Ignoring ultra hazardous conditions and warnings of possible and probably casualty and loss. XIV (Q) Failing to comply with federal and/or state and/or local and/or industry statutes and/or regulations and/or standards."
[3] Mayer, supra, at 276.
[4] Also included among the acts alleged in plaintiffs' amended petition were, for example:

"10K(b) continuously operating the finishblender, which bearing and shaft were not kept in alignment, properly adjusted and properly maintained although it was well known by the defendant that in the plastics industry this constituted a violation of federal safety laws and accepted industry standard.
"10K(c) continuously maintaining electrical conduits, fuse boxes, switches, circuit breakers, motor controllers, push button relays and similar devices which were not located away from areas where sparks or burning material might escape or through which adjacent combustible material might be ignited although it was well known by the defendant that in the plastics industry, this constituted a violation of federal safety laws and accepted industry standards;"
[5] By "conclusion of law", we mean "a generic statement which can be made only after some legal rule has been applied to some specific group of operative facts." Cook, Statements of Fact in Pleading under the Codes, 21 Colum.L. Rev. 416 (1921). By the above definition, we think it clear that the allegations in question are not conclusions of law, as it is unnecessary to apply a legal rule to the operative facts contained in the petition in order to state that the defendant acted "with knowledge and belief that the ... (plaintiff's) injuries were substantially certain to follow." Thus, while we recognize that the difference between a statement of ultimate fact and a conclusion of law is often a metaphysical distinction, allegations of an actor's "knowledge" and of the "substantial certainty" of a given occurrence entail matters of fact.
[6] See: McDonald v. Boh Bros. Construction Co., Inc. 397 So.2d 846 (La.App. 4th Cir.1981) petition defective for failure to allege that defendant desired the injurious result to plaintiff or that defendant believed the injury to be reasonably certain to follow his act; Kirkpatrick v. City of New Orleans, 405 So.2d 562 (La.App. 4th Cir.1981)petition defective in alleging intentional tort where only allegation as to defendant's "mens rea" was that defendant acted "willfully and recklessly". Plaintiff allowed to amend petition in light of Bazley, supra; Reagan v. Olinkraft, Inc., 408 So.2d 937 (La.App. 2d 1981) petition defective for failure to allege that injury was "substantially certain" to follow defendant's act. Plaintiff alleged merely that decedent's death "could have been reasonably anticipated"; Woolridge v. Mouledoux, 398 So.2d 1272 (La.App. 4th Cir. 1981)petition defective for failure to allege that defendants intended to bring about the harm or that defendants believed such result was substantially certain to follow their act. Reed v. Yor-Wil, Inc. 406 So.2d 236 (La.App. 1st Cir.1981) petition defective for failure to allege that defendant desired to bring about harm to plaintiff or that defendants believed that harm was substantially certain to follow defendant's conduct.