447 So.2d 90 (1984)
GIBBS CONSTRUCTION CO., INC.
v.
BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY and Agricultural and Mechanical College.
No. CA 1283.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1984.
*91 Thomas E. Gibbs, Baton Rouge, for appellant.
Rutledge C. Clement, Jr., C. Scott Jackson, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for appellees.
BARRY, AUGUSTINE and CIACCIO, JJ.
CIACCIO, Judge.
Plaintiffs, Gibbs Construction Co., Inc. and Lawrence C. Gibbs, filed suit alleging that defendant, through the administrative office of the University of New Orleans, improperly awarded a construction contract for alterations to the university's graduate school building. The trial court maintained defendant's peremptory exceptions of no cause of action and no right of action, and dismissed plaintiffs' suit, with prejudice and at their cost. From this judgment plaintiffs appeal. We affirm.
The peremptory exception raising the objection that the petition fails to state a cause of action tests the legal sufficiency of plaintiffs' petition and questions whether the law affords plaintiff any remedy whatsoever under the allegations of his petition. The exception is triable solely on the face of the petition and any annexed documents or exhibits. La.C.C.P. art. 931. All well-pleaded allegations are accepted as true, and any doubts must be resolved in favor of the sufficiency of the pleading to state a cause of action. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Guy Scroggins, Inc. v. Emerald Exploration, 401 So.2d 680 (La.App. 3d Cir.1981).
In ruling upon defendant's exception the trial court considered the facts as pleaded in plaintiffs' petition and also a "Stipulation of Facts" filed jointly by the parties "solely for the purpose of the Exceptions of No Right of Action and No Cause of Action filed on behalf of the defendant." Plaintiffs apparently intended the "Stipulation of Facts" to be annexed to the petition and for those facts to be considered as if they had been pleaded therein, as plaintiffs have raised no objection to the trial court's consideration of the stipulated facts and have referred to the stipulated facts in their appellate brief. We will, therefore, include the stipulated facts as part of the well-pleaded allegations accepted as true for our consideration of the plea of no cause of action.

The Facts
The University of New Orleans advertised for public bids to construct certain alterations to the university's graduate school building. The contract documents included a date, time and location for a pre-bid conference, and provided that "no bid shall be accepted from any contractor who does not have a responsible representative attend this meeting." Only one contractor attended the pre-bid conference. That contractor submitted a bid and was awarded the contract. Gibbs Construction Co., Inc. did not have a representative at the pre-bid conference.
Subsequent to the pre-bid conference and without the knowledge or consent of the University, the project architect contacted Gibbs Construction Co. and requested that the company submit a bid. The architect represented to the company that it could submit a bid although it did not have a representative at the pre-bid conference. *92 The architect even lined through that portion of the documents requiring attendance at the conference.
In reliance upon the architect's representations, but without communicating with anyone at the University, Gibbs Construction Company, Inc. submitted a bid. Gibbs's bid was not accepted by the University, although it would have been the lowest, because Gibbs had not had a representative at the pre-bid conference. The contract was awarded to the lowest responsible bidder with a representative in attendance at the pre-bid conference, although this bid was higher than Gibbs's bid would have been.
Plaintiffs filed suit on the theory that Gibbs Construction Co., Inc. was the lowest responsible bidder and should have been awarded the contract.

The Law
The statutory authority concerning the advertisement and letting of public contracts can be found in La.R.S. 38:2212. The statute provides in paragraph A that all public work meeting the requirements for public bids "shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised." The statute furnishes general requirements for advertising.
Concerning those projects for which the statute requires advertisement, bidding in accordance with the advertisement is essential to satisfy the purposes for which the public bid laws were enacted. If public bidding is an honest attempt at getting the best value for tax moneys, then every bidder must be held bound by the terms of the advertising. Jefferson Parish School Board v. Rowley Company, Inc., 350 So.2d 187 (La.App. 4th Cir.1977), writ denied, 352 So.2d 238 and 239 (La.1977). To allow anything less than a bid conforming on its face to the advertised specifications would constitute an open invitation to the kind of impropriety and abuse the public bid laws were designed to prevent. Williams v. Board of Supervisors of L.S.U., 388 So.2d 438 (La.App. 2d Cir.1980).
To state a cause of action plaintiffs' petition should allege facts which indicate that the contract was arbitrarily let to someone other than the lowest responsible bidder. To do this, plaintiffs need to allege facts which indicate the existence of a responsible bidder who bid lower than the bidder to whom the contract was awarded, and who submitted his bid in compliance with the requirements set forth in the bid advertisement. The facts pleaded by plaintiffs do not satisfy these requirements.
The facts alleged by plaintiffs indicate that the contract was awarded to the only responsible bidder who bid in compliance with the terms of the advertisement. The "bid" submitted by Gibbs Construction Co. did not qualify as an acceptable bid because Gibbs was not represented at the pre-bid conference as required by the advertisement. As a result, the University refused to consider the "bid." We find this action by the University to have been proper. Under these circumstances, Gibbs's "bid" never obtained the status of a bid which could compete with any other bids, because it did not qualify for consideration. Absent an acceptable bid, Gibbs Construction Co. does not qualify as a bidder, and cannot be considered as a potential recipient of the contract to be awarded.
Gibbs Construction Co., Inc. is the only contractor alleged to have bid lower than the bidder to whom the contract was awarded. The facts alleged by plaintiffs indicate that Gibbs did not qualify as a bidder because it failed to comply with the pre-bid procedures mandated by the bid advertisement, thus preventing them from submitting a bid which could be considered by the University. Accordingly, plaintiffs' petition fails to state a cause of action.
Plaintiffs argue that Gibbs Construction Co.'s bid was acceptable and should have been considered by the University because the architect had requested the bid and had represented that the bid would be acceptable. Plaintiffs argue that the architect was the agent of the University and the University *93 should be bound by his representations. Further, plaintiffs argue that the University has the power to waive the requirement of attendance at the pre-bid conference.
The facts as alleged by plaintiffs do not indicate the existence of any type of agency relationship between the University and the project architect concerning the advertising and letting of the contract. Further, even assuming the University had the power to waive attendance at the pre-bid conference, the University was not obligated to make this waiver, and apparently did not waive the requirement as indicated by the non-acceptance of Gibbs's "bid." This action by the University was not arbitrary, but was in accord with the advertisement.
Considering the facts alleged by plaintiffs, we find that defendant's peremptory exception raising the objection of no cause of action was properly maintained. La.C.C.P. art. 934 provides, however, that when a peremptory exception, such as no cause of action, has been maintained, plaintiff is entitled to the opportunity to amend if the petition can be amended to assert a cause of action. The right to amend is not so absolute as to be permitted when amendment would constitute a vain and useless act. Louisiana and Southern Life Ins. Co. v. New Orleans Steamship Association, 384 So.2d 594 (La.App. 4th Cir.1980); Woolridge v. Mouledoux, 398 So.2d 1272 (La.App. 4th Cir.1981); Perkins v. Desrochers, 359 So.2d 323 (La.App. 4th Cir.1978). Neither in brief nor oral argument have plaintiffs contended that they can allege additional facts which could state a cause of action against defendant. Under the circumstances, a remand for the purpose of permitting an opportunity to amend would be a vain and useless act.
Having concluded that the petition fails to state a cause of action, and that the deficiency cannot be cured by amendment, the result is that the action shall be dismissed. La.C.C.P. art. 934. Consequently, we pretermit any discussion as to whether plaintiffs have a right of action, as this issue is now moot.
Accordingly, the judgment of the trial court is affirmed. All costs are to be paid by appellants.
AFFIRMED.
BARRY, J., dissents with reasons.
BARRY, Judge, dissenting.
Plaintiffs have alleged facts which, if taken as true, would be sufficient to prove that the contract was arbitrarily awarded to someone other than the lowest bidder.
Section 20(C) of the contract provided:
The owner reserves the right to reject any and all bids, waive any or all informalities or accept any bids which in his opinion appear to be best. Owner reserves the right to accept any alternates that may serve as best interest.
Plaintiff alleges the architect was the University's agent and that he waived the requirement of attendance at the pre-bid conference. Whether or not there was such an agency with authority to waive this condition is an issue for the merits. If accepted as true, plaintiff was the lowest responsible bidder.
Plaintiff has clearly stated a cause of action.
I respectfully dissent.