GUIDRY, Judge.
Plaintiff appeals the trial court’s judgment sustaining defendants’ exception of no cause of action and dismissing plaintiff’s suit.
The only issue presented on appeal concerns whether plaintiff’s petition states a cause of action in intentional tort against defendants, thereby avoiding the exclusive remedy of the Louisiana Worker’s Compensation Act. La.R.S. 23:1032.[1]
Plaintiff, Joyce Pierce Ewert, instituted this suit on behalf of her minor son, Timothy Pierce, against Wayne Ordner, Bayou Timber Company, Inc. and Georgia Casualty and Surety Company. Plaintiff alleged that her son, then age sixteen, was injured on July 21, 1982, while engaged in logging operations for defendants. Plaintiff further alleged that her sixteen year old son was hired by defendants to engage in logging activities in violation of Louisiana law. Plaintiff’s petition further sets forth the following regarding the minor’s cause of action in intentional tort against defendants:
“This accident occurred through intentional acts of defendants, their agents, assigns, employees, or insureds, in the following particulars, to-wit:
a. Knowingly permitting and/or suffering TIMOTHY PIERCE, a minor, to work in and around a logging operation;
b. Knowingly permitting and/or suffering TIMOTHY PIERCE to work without a minor’s release, permit or certificate as required by Louisiana law;
c. Placing TIMOTHY PIERCE in a place or position where defendants knew or should have known to a virtual certainty that serious injury and/or death was likely to occur;
d. Failure to warn TIMOTHY PIERCE of this tree being cut and of the danger of it falling on him when they knew or should have known to a virtual certainty that serious injury and/or death was likely to occur;
e. Allowing, permitting and encouraging untrained and unskilled persons to cut the tree which fell upon TIMOTHY PIERCE, without supervision or training, when they knew or should have known that minors had been hired in this logging operation and of the great likelihood of serious injury occurring when unskilled persons are involved in logging operations, particularly when minors are present, and that the dangers were such under these circumstances that the defendants knew or should have known to a virtual certainty that serious injury or death would occur;
f. Other intentional acts which may be shown at trial.”
In considering whether an exception of no cause of action should be sustained, it is well settled that the exception must be decided upon the face of plaintiff’s petition alone, and all well-pleaded allegations of fact therein are to be considered as true. Mott v. River Parish Maintenance, Inc., 432 So.2d 827 (La.1983). Should the petition state a cause of action as to any ground or portion of the demand, the exception must be overruled. Pence v. Ketchum, 326 So.2d 831 (La.1976).
In Bazley v. Tortorich, 397 So.2d 475 (La.1981), the Louisiana Supreme Court concluded that the words “intentional act”, as used in La.R.S. 23:1032, mean the same as “intentional tort” in reference to civil liability. The court added:
“... The meaning of intent in this context is that the defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did.... Intent is not, however, limited to consequences which are desired. If the actor *15 knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result_” [Citations omitted.] Id. at 482.
In Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984), the Supreme Court held that it was permissable for the employee to plead the intent element of his intentional tort cause of action generally and without particularity. The court based its decision on La.C.C.P.Art. 856 which states in pertinent part, “... malice, intent, knowledge, and other condition of mind of a person may be alleged generally.” See also Poston v. Davis, 451 So.2d 1295 (La.App. 1st Cir.1984).
The Mayer court, in affirming the court of appeal decision which overruled a trial court judgment granting an exception of no cause of action, found the following allegations sufficient to state a cause of action in intentional tort:
“continuously operating such machinery with knowledge and belief that the resulting fire, explosion and resulting injuries were substantially certain to follow.”
“continuously operating the said Valentine factory and/or defective, worn, dilapidated equipment with knowledge that the fire, explosion and resulting injuries and/or consequences were certain, or substantially certain to follow.” Mayer v. Valentine Sugars, Inc., 430 So.2d 1068 (La.App. 4th Cir.1983), at 1070.
In the instant case, the trial court found that plaintiffs allegations in regard to certain alleged intentional acts of defendants were conclusory in nature and as such not sufficient to state a cause of action in intentional tort. The trial court did not have the benefit of the Mayer decision at the time arguments were had in this matter. We believe that the decision of the trial court would have been correct under prior jurisprudence, however, under Mayer, plaintiffs allegations are sufficient to state a cause of action in intentional tort.
Accordingly, the judgment appealed from is reversed and the case is remanded to the trial court for further proceedings. The costs of this appeal are assessed against defendants with the assessment of all other costs to await the final outcome of this case.
REVERSED AND REMANDED.

. LSA-R.S. 23:1032 provides in pertinent part:
******
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.