534 So.2d 27 (1988)
L & M DEMOLITION, INC. and Levi Slaughter Asphalt Company, Inc., a Joint Venture
v.
CITY OF NEW ORLEANS and Paul C. Mitchell, Jr., Director of the Department of Finance for the City of New Orleans.
No. 88-CA-0384.
Court of Appeal of Louisiana, Fourth Circuit.
October 27, 1988.
Rehearing Denied December 14, 1988.
Writ Denied February 17, 1989.
Joseph H. Hurndon, of Hurndon & Gaffney, New Orleans, for appellants.
Okla Jones, II, City Atty., Don J. Hernandez, Chief Deputy City Atty., Michael E. Botnick, Asst. City Atty., New Orleans, for appellees.
Before BARRY, CIACCIO and WARD, JJ.
CIACCIO, Judge.
Plaintiffs filed suit seeking to disqualify L & F Construction Co., Inc. and Vaughn Contractors, Inc. as the successful bidders on a City public works contract. The trial court judgment denied plaintiffs' request and refused to set aside and reaward the public works contract in favor of the plaintiffs. Plaintiffs appeal this judgment and we affirm.
The sole issue, on appeal, is whether the City had the discretionary power to waive certain form requirements in a bid bond.
The facts surrounding this dispute are not in contest:
The City of New Orleans acting through the Department of Finance, Bureau of Purchasing, advertised bids for the demolition of two refuse transfer stations located within the City at 1800 St. Louis Street and 2115 Seventh Street. On Thursday, July 23, 1987 the bids were received, opened and tabulated. After a review of the seven bids, the City recognized L & F Construction Company and Vaughn Contractors, Inc. as the low bidder for the demolition contract, their bid being approximately $120,000 lower than plaintiffs' bid, which was the next lowest bid. Both bidders filed bid bonds with their bids.
Plaintiffs attacked the L & F bid on the basis that their bid bond was partly illegible, was guaranteed by private parties who were domiciled outside of the State of Louisiana, and issued only in the name of L & F Construction and not in the name of the joint venture. They filed an objection, on this basis, with the Department of Finance, Bureau of Purchasing. A hearing on the disqualification issue was scheduled by the City for July 29, 1987. On July 27, 1987 the lowest bidder submitted another copy of the private surety bond which was legible and showed L & F Construction Co., Inc. and Vaughn Contractors as principals. The bond was not signed by the principals and was written by private sureties who were domiciled outside of the State. The City took the position that these "irregularities" were insubstantial variations which the awarding authority in its discretion could waive. The City, therefore, awarded *28 the contract to L & F Construction Co., Inc. and Vaughn Contractors.
On August 7, 1987 plaintiffs filed this suit to set aside the award of the contract and for injunctive and mandamus relief. On August 10, 1987 the City of New Orleans and L & F Construction Co., Inc. & Vaughn Contractors executed a contract for the demolition work in the sum of $254,544.00 and the Presidential Fire & Casualty Company intervened as corporate surety to guarantee the performance of the contract on the part of L & F for the full amount of the contract. The capacity of the corporate surety to do business in the State of Louisiana was not challenged by appellant.
The trial court, on September 14, 1987 refused to grant the requested relief after finding that the City acted within its lawful discretion in waiving the variations in the bid bond. A motion for a new trial was filed on September 17, 1987 and denied September 24, 1987. On September 29, 1987 plaintiffs filed a notice of intention to apply for supervisory writs with the Court of Appeal. They also requested a stay order from the trial court. The stay order was denied and plaintiffs were given until October 15, 1987 to seek supervisory writs. On October 8, 1987 plaintiffs filed an application for writs of certiorari, prohibition and mandamus with the Fourth Circuit Court of Appeal.
At that time the plaintiff presented to this Court the issue of whether the bid bond requirements set forth in La. Revised Statute Title 38 Section 2211 were mandatory or discretionary and capable of being waived. This Court reviewed the judgment of the trial court based upon the evidence presented and denied the writ finding "no error in the trial court's ruling". Doc. No. C 8815. Plaintiffs applied to the Louisiana Supreme Court for Writs of certiorari and/or review, prohibition and mandamus. The application was unanimously denied by the Louisiana Supreme Court.
On appeal plaintiffs again present this Court with the issue of whether the bid bond requirements set forth in La. Revised Statute Title 38 Section 2211 are mandatory or discretionary and capable of being waived.
A legal distinction exists between the requirements for a bid bond and those of a performance bond in connection with public works.
The requirements for a performance bond are set forth in Title 38 Section 2216 of the Louisiana Revised Statute which provides:
R.S. 38 Sec. 2216. Written contract and bond
A. (1) When any bid is accepted for the construction or doing of any public works, a written contract shall be entered into by the successful bidder and the public entity letting the contract, and the party to whom the contract is awarded shall furnish good and solvent bond in an amount not less than one-half of the amount of the contract, for the faithful performance of his duties. (Emphasis supplied)
(2) The bond shall be countersigned by a person who is contracted with the surety company or bond issuer as an agent of the company or issuer, and who is licensed as an insurance agent in this state, and who is residing in this state.

* * * * * *
The language of the statute is clearly mandatory and not subject to waiver, and deviation from the requirements will render the contract null and void. Davis v. Franklin Parish School Board, 412 So.2d 1131 (La.App., 2nd Cir., 1982), writ denied 415 So.2d 942 (La.1982).
The requirements for a bid bond are set forth in Section 2218 of Title 38: R.S. 38 Section 2218. Evidence of good faith; countersigning
A. The public entity advertising for bids for work may require the bidders to attach a certified check, cashier's check, or bid bond for not more than five percent of the estimated price of supplies or materials, or contract price of work to be done, as an evidence of good faith of the bidder. (Emphasis supplied)
B. Whenever a bid bond is required by the governing authority, the bond shall *29 be countersigned by a person who is under contract with the surety company or bond issuer as a licensed agent in this state, and who is residing in this state.
In contrast to the requirements concerning a performance bond, those of a bid bond are permissive in nature and as such susceptible of waiver.
Unlike the mandatory requirement of a lien and performance bond, the legislature has given to the public entity the discretion to waive and dispense with the requirement of a bid bond. If the public entity has the discretion to eliminate entirely the requirement of a bid bond, it logically follows that it has the discretion to waive informalities and irregularities in a bid bond when it is in the manifest public interest to do so.
In his reasons for judgment, the trial judge relied upon Lorenz v. Plaquemines Parish Commission Council, 365 So.2d 27 (La.App., 4th Cir., 1978), writ denied 365 So.2d 1374 (La.1978) in finding that the City of New Orleans acted within the discretion granted by law.
Appellant argues in brief that Lorenz is distinguishable from this case and is not controlling because, in Lorenz, although no bid bond was filed with the bid, a proper bid bond was delivered by hand on the day the bids were opened. We find no merit in this argument.
If the Plaquemines Parish Commission Council had no discretion to waive informalities in the bid bond it could not have had the discretion to waive the total absence of a bid bond as part of the bid package. The late production of the bond would have been fatal absent the discretion recognized by the Lorenz court. Subsequent amendments of R.S. 32:2218 did not change the bid bond language from permissive to mandatory and it did not eliminate the discretion recognized by Lorenz.
Appellant also urges that our ruling in Gibbs Construction v. Board of Supervisors of L.S. U., 447 So.2d 90 (La.App. 4th Cir., 1984) requires a reversal of the trial court judgment. We disagree. Gibbs did not involve the issue of a bid bond irregularity. In Gibbs, we held that the L.S.U. Board had the discretion to refuse to waive an informality in the bid process, and such action was not arbitrary but was in accord with the advertisement. We did not rule on the validity of the waiver, if it had been made, as the Board made no such waiver and that issue was not before us.
In this case there is no allegation or inference of favoritism, misconduct or ill practices in the awarding of the contract to the lowest bidder. Absent such factors the trial court was correct in holding that the City of New Orleans acted within its lawful discretion when it waived the irregularities in the bid bond. Lorenz v. Plaquemines Parish Commission Council, supra.
For the foregoing reasons the judgment of the trial court is affirmed at plaintiffs' costs.
AFFIRMED.
BARRY, J., dissents with reasons.
BARRY, Judge, dissenting with reasons.
Subsequent to Lorenz v. Plaquemines Parish Commission Council, 365 So.2d 27 (La.App. 4th Cir.1978), the legislature amended the Public Contracts Statute, effectively overruling that case.
L.S.A.R.S. 38:2212, which pertains to advertising and letting bids, now contains a new paragraph which eliminates any discretionary leeway in any advertised requirement,
(b) The provisions and requirements of this Section, those stated in the advertisement for bids, and those required on the bid from shall not be considered as informalities and shall not be waived by any public entity, (emphasis added)
L.S.A.R.S. 38:2212(A)(1)(b).
The legislature also added the second paragraph to Section 2218 which governs bid bonds:

Whenever a bid bond is required by the governing authority, the bond shall be countersigned by a person who is under contract with the surety company or bond issuer as a licensed agent to this *30 state, and who is residing in this state, (emphasis added)
L.S.A.R.S. 38:2218(B).
Contrary to the majority's opinion, there is nothing discretionary about this language. It is mandatory. The majority is correct in its assertion that a bid bond is optional under Paragraph (A) of 38 § 2218. However, once the City chose to require a bid bond when it advertised for bids, it was bound to those formal requirements contained in Section 2218(B) by Section 2212(A)(1)(b) and by 2218(B) itself.
L & F and Vaughn's bid did not comply with the statutory requirements which the City of New Orleans had no right to waive.
The judgment should be reversed.