570 So.2d 84 (1990)
F.H. MYERS CONSTRUCTION CORP.
v.
CITY OF NEW ORLEANS.
No. 90-CA-0070.
Court of Appeal of Louisiana, Fourth Circuit.
October 30, 1990.
*85 Al Sarrat, Asst. City Atty., Dan Zimmerman, Deputy City Atty., William D. Aaron, Jr., Chief Deputy City Atty., Okla Jones, II, City Atty., New Orleans, for appellee.
H. Bruce Shreves, Paul J. McMahon, III, Simon, Peragine, Smith & Redfearn, New Orleans, for appellant.
Before KLEES, BYRNES and WILLIAMS, JJ.
BYRNES, Judge.
F.H. Myers Construction Corporation appeals the district court's denial of declaratory and injunctive relief against the City of New Orleans in awarding a construction contract. We affirm.
The parties filed a joint stipulation of material fact. On May 15, 1989, the City of New Orleans ("the City") advertised for bids in connection with the contract for City Hall Fifth Floor Office Renovations, Proposal No. F1753 ("the Project"). The City received from Pete Vicari General Contractor, Inc. ("Vicari") the lowest bid of $549,900.00. Additionally, both Vicari and F.H. Myers ("Myers") submitted bid bonds: Vicari from Ocean Marine Indemnity Company and Myers from United States Fidelity and Guaranty Company. On June 30, 1989, Myers lodged a protest with the City on the basis that Vicari did not comply with the bid bond requirements, and therefore the bid documents. On August 10, Vicari provided the City with another bid bond; however, the bond failed to describe the correct location or title of the project, so it failed also. Subsequently, Vicari provided a corrected bond.
An administrative hearing was held with the City on September 14, 1989 in which the hearing officer recommended proceeding to award Vicari the contract. On September 26, 1989 Myers filed suit in Civil District Court seeking declaratory and injunctive relief against the City and Vicari intervened. On October 26, 1989 the lower court held a hearing and denied all relief sought by Myers. Myers appeals from that decision.
The issue on appeal is whether the City had the discretionary power to waive certain form requirements in a bid bond.
Louisiana follows the general rule of vesting an awarding body with discretion subject to judicial review. Courts will not substitute their judgment for the good faith judgment of an administrative agency. Haughton Elevator Division v. State of Louisiana, 367 So.2d 1161, 1165 (La. 1979). "The public body with the authority to make this determination is given wide discretion and will not be interfered with by the court unless arbitrary or capricious." King Cold Storage Warehouse, Inc. v. City of New Orleans, 522 So.2d 169 (La.App. 4th Cir.1988) writ denied, 530 So.2d 82 (La.1988).
A public entity advertising for bids for work may require the bidders to attach a certified check, cashier's check or bid bond. (emphasis added). LSA-R.S. 38:2218(A). Requirements of a bid bond are permissive in nature and as such susceptible of waiver. L & M Demolition, Inc. v. City of New Orleans, 534 So.2d 27, 29 (La.App. 4th Cir.1988), writ denied, 537 So.2d 1173 (La.1989). "Unlike the mandatory requirement of a lien and performance bond, the legislature has given to the public *86 entity discretion to waive and dispense with the requirement of a bid bond. If the public entity has the discretion to eliminate entirely the requirement of a bid bond, it logically follows that it has the discretion to waive informalities and irregularities in a bid bond when it is in the manifest public interest to do so." Id.
A city has the discretionary power to waive irregularities in a bid bond in awarding public works contracts to the lowest bidder, absent allegations of favoritism, misconduct or ill practices. L & M Demolition, Inc. v. City of New Orleans, 534 So.2d at 29. In this case there is no allegation or inference of favoritism, misconduct or ill practices in awarding the contract to the lowest bidder.
A city's reasonable, good faith interpretation of its own specifications should not be disturbed by a court whose views might be different. D.M. Clement Contractor, Inc. v. St. Charles Parish, 524 So.2d 86 (La.App. 5th Cir.1988).
The Administrative Hearing Officer found "The ... [City] acted in good faith in reviewing the bid bonds, and interpreting its bid specifications so as to allow ... [Vicari] to provide re-insurance of the bid bond ...". Administrative Hearing Decision F-1753 September 14, 1989.
Because the City only allowed Vicari to cure the submitted bid bond, and there are no allegations or inferences of favoritism, mis-conduct or ill practices, the project was correctly awarded to the lowest bidder. The lower court did not abuse its discretion in upholding the administrative hearing officer's decision to cure the bond. Therefore, the judgement of trial court is affirmed.
AFFIRMED.