GOTHARD, Judge.
A summary judgment below dismissed in part this indemnification action by a general contractor and its worker’s compensation insurer against the subcontractor’s general liability insurer for worker’s compensation benefits paid to Edward Taylor,[1] who was injured on the job.
Appellants are the general contractor, Oliver & Wool Construction Company, Inc. (Oliver & Wool), and its worker’s compensation insurer, Northern Insurance Company of New York. Appellee is the general comprehensive liability insurer, United States Fidelity and Guarantee Company (USF & G), for the subcontractor, Metropolitan Erection Company, Inc. (Metropolitan).[2]
Appellants ask us to determine the correctness of the trial court’s rulings on the summary judgment, and present for our consideration these issues:
(1) whether the subcontract executed by Oliver & Wool and Metropolitan provides for contractual indemnification for benefits paid pursuant to the Worker’s Compensation Act; and, if so,
(2) whether the comprehensive general liability policy issued by USF & G to Metropolitan provides coverage for payments made pursuant to the Worker’s Compensation Act.
Resolution of these two issues requires construction or interpretation of the subcontract and the insurance policy. However, because we find, as did the trial court, that USF & G did not provide coverage for any claims arising out of or pertaining to worker’s compensation, we discuss only the second issue pertaining to the USF & G policy.
In their petition filed with the trial court, appellants alleged they were entitled to indemnity from Metropolitan pursuant to the provisions of the Louisiana Worker’s *913 Compensation Act,[3] and pursuant to indemnification provisions of the subcontract executed by Metropolitan and Oliver & Wool. Appellants also claimed indemnity from USF & G. Appellants alleged that the policy issued by USF & G to Metropolitan provides coverage for the payment of the worker’s compensation benefits to Edward Taylor under its provisions providing coverage for its insured’s incidental contracts. USF & G denied coverage under an exclusion in the policy as to worker’s compensation. Cross motions for summary judgment were filed in the trial court by the appellants and USF & G each asserting their respective positions. After hearing argument of counsel and reviewing the documents submitted, the trial court in judgment rendered on December 16, 1986 denied the appellants’ motion for summary judgment, but partially granted the motion for summary judgment filed by USF & G, ruling that the USF & G policy did not “provide coverage for any claims arising out of or pertaining to workmen’s compensation.” It is from the judgment on these motions that this matter is now before the appellate court.
INTERPRETATION OF INSURANCE POLICY
The comprehensive general liability policy issued by USF & G to Metropolitan provided basic coverage for bodily injury and property damage and an endorsement (no. 6) which provided limited coverage for contractual liability. Worker’s compensation benefits are specifically excluded from coverage as are claims of bodily injury to any employee of the insured arising out of his employment except as to liability assumed by the insured under an incidental contract.
“1 COVERAGE A — BODILY INJURY LIABILITY
COVERAGE B — PROPERTY DAMAGE LIABILITY
[[Image here]]
Exclusions
This insurance does not apply: ...
(i) to any obligations for which the insured or any carrier as his insurer may be held liable under any workmen’s compensation, unemployment compensation or under any similar law;
(j) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the Insured to indemnify another because of damages arising out of such injury; but this exclusion does not apply to liability assumed by the insured under an incidental contract;”
Under the general definitions section of the policy, incidental contract is defined as:
“Definitions
When used in this policy (including endorsements forming a part hereof):
[[Image here]]
“incidental contract” means any written (1) lease of premises, (2) easement agreement, except in connection with construction or demolition operations on or adjacent to a railroad, (3) undertaking to indemnify a municipality required by municipal ordinance, except in connection with work for the municipality, (4) sidetrack agreement, or (5) elevator maintenance agreement;”
Endorsement no. 6. provides:
“1. CONTRACTUAL LIABILITY COVERAGE
(A) The definition of incidental contract is extended to include any oral or written contract or agreement relating to the conduct of the named insured’s business.
[[Image here]]
(C) The following exclusions applicable to Coverages A (Bodily Injury) and B (Property Damage) do not apply to this *914 Contractual Liability Coverage: (b), (c)(2), (d) and (e)”
We immediately observe, as urged by USF & G, that endorsement no. 6 specifically provides that certain exclusions contained in the basic policy are not applicable to the endorsement; however, that those exclusions (i) and (j) as to worker’s compensation and employee injuries are not among those stated to be inapplicable. . Consequently, USF & G provides coverage for a contract of liability assumed by its insured relating to its business, though it excludes coverage as to worker’s compensation and employee injuries arising out of his employment.
Nevertheless appellants alternatively contend, that the terms of the policy are ambiguous. They refer to certain articles of the Louisiana Civil Code and various cases in the jurisprudence which would require this court to resolve the ambiguity in the sense which is most favorable to the insured or the person claiming coverage. Paret v. Louisiana Health Serv. & Indem., 366 So.2d 634 (La. 3rd Cir.1978) writs denied 369 So.2d 139. See also, Westerfield v. LaFleur, 493 So.2d 600 (La.1986).
We find no merit in appellants’ argument that the policy provides coverage for the claim in question, or alternatively, that the policy terms are ambiguous and should therefore be construed to provide coverage. The basic coverage provision excludes any liability for claims for worker’s compensation benefits or for bodily injury to the insured’s employee arising out of his employment, except as the insured assumes under an incidental contract. Incidental contract is narrowly defined in the basic policy and includes only written agreements of lease, easement, indemnification of municipalities, sidetrack and elevator maintenance. The policy endorsement for contractual liability coverage states that it “forms a part of the policy to which attached” and “modifies such insurance.” Although this endorsement extends the definition of an incidental contract to include any agreement relating to the conduct of the insured’s business, the same exclusions in the basic policy are applicable except those specifically made inapplicable. The exclusions from liability for worker’s compensation and bodily injury to the insured’s employee arising from his employment are not stated to be inapplicable; accordingly, they are applied to limit the coverage provided by the endorsement.
We are in complete agreement with appellant’s argument that in a suit to recover benefits under a policy, the insurer has the burden of proving facts which limit its liability; and also that any ambiguity in an insurance contract or policy must be construed in favor of the insured or the person claiming coverage and against the insurer. Our law is well settled to that effect. Paret v. Louisiana Health Serv. Indem., supra. Because of this, summary judgment may not be rendered declaring lack of coverage unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. LSA-C. C.P. art. 966; Westerfield v. LaFleur, supra. However, we have applied this standard, and we find no ambiguity, vagueness or inconsistency in the policy before us.
Our careful consideration of the terms of the USF & G policy convinces us beyond doubt that it excludes worker’s compensation payments. Based on this conclusion, we need not consider the issue of whether the subcontract executed by Oliver & Wool and Metropolitan provides for contractual indemnification for benefits paid pursuant to the Worker’s Compensation Act.
LSA-C. C.P. art. 966 states that if there are no genuine issues of material fact, and mover is entitled to judgment as a matter of law, summary judgment should be granted. The pleadings and documents attached demonstrate as a matter of law, that USF & G is entitled to the partial summary judgment; appellants are not. There are no questions of fact to be resolved, and the insurance contract does not afford coverage of the appellants’ indemnification claims against the insured arising out of or pertaining to worker’s compensation.
*915 Therefore, we find correct the trial judge’s conclusion that partial summary judgment in favor of USF & G and against appellants was warranted.
For the foregoing reasons, the rulings of the trial court are affirmed.
AFFIRMED.

. See Taylor v. Metropolitan Erection Co., 496 So.2d 1184 (La.App. 5th Cir.1986) writs denied 497 So.2d 1388, for Taylor’s personal injury suit against his employers and contractor.

. Metropolitan identified its status before this Court as defendant appellant and adopts appellants’ brief by reference verbatim in extenso. However, Metropolitan was not a party to the motions for summary judgment, and is therefore not a party to this proceeding on appeal.

. A general contractor, who pays compensation benefits to an employee of one of the subcontractors, is statutorily entitled to indemnification from that subcontractor. LSA-R.S. 23:1061-1063.