ON REHEARING
We granted this rehearing to determine whether Lloyd’s waived its right to allege that liability for damage was excluded when the policy at issue was construed as a whole. We originally determined the coverage was excluded adhering to our prior decision in Oliver & Wool Const. v. Metro. Erection, 524 So.2d 911 (La.App. 5 Cir. *1340 1988).[1] After consideration of the supplemental briefs filed by the parties and the entire record before us, we conclude that while Lloyd’s did, in fact, agree that the only policy exclusion applicable was that set forth in the addendum, Section VI(A)(2)(b), this exclusion does apply to the provisions for contractual liability because:
The policy at issue provided two types of insurance coverage, as described in the CGL policy amending endorsement: (1) coverage for the indemnification agreement between Oxychem and LMS whereby LMS agreed to indemnify Oxychem for any liability incurred for property damage (Section 1 — contractual liability coverage); and (2) coverage for damage covered by the negligence of LMS’s employees (Section VI — Broad Form Property Damage Liability Coverage). Section VI(A)(2)(b), supra, provides that coverage for “property damage liability” excludes “tools or equipment while being used by the insured in performing his operations.”
On May 30, 1990, LMS propounded the following request for admission to Lloyd’s:

REQUEST FOR ADMISSION NO. 60:

Admit or deny that the only exclusionary language Lloyd’s is relying on to deny the claim that is the subject of this litigation is (sic) contained in Section VI(A) of the insurance form entitled “Broad Form Comprehensive General Liability Endorsement,” Form GL 0404.
On July 12, 1990 Lloyd’s responded:

RESPONSE TO REQUEST FOR ADMISSION NO. 60:

Admitted on the basis of the claim as currently presented by LMS.
Relative to the effect of an admission, LSA-C.C.P. art. 1468 provides:
Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Article 1551 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. Any admission made by a party under Articles 1466 and 1467 is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against him in any other proceeding.
[Emphasis added].
There is no withdrawal or amendment relative to admission No. 60 in the record.
In addition, LSA-C.C. art. 1853 provides that “A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it. A judicial confession is indivisible and it may be revoked only on the ground of error of fact.”
The original Broad Form policy provided for contractual indemnity, as well as property damage, with certain exclusions. One such exclusion was that set forth in the policy as follows:
“This insurance does not apply ... (k) to property damage to ... (3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical contact.” The Endorsement redefines the contractual indemnity provisions under Section I. In that section it reinstates coverage for Sections (b), (c)(2), (d) and (e) (but not k) of the original policy. In that original policy, those exclusions had been applicable to the provision for contractual indemnity. The Endorsement also replaces the exclusions of sections (k) and (o) with the exclusion set forth in Section VI(A)(2)(b) insofar as it related to property damage. The endorsement places this exclusion in the property damage section (thereby creating LMS’s argu *1341 ment that this exclusion does not apply to Section I — contractual indemnity). However, the endorsement, while replacing the language of section k, does not eliminate Section k as an exclusion in the basic policy-
Section (k) as rewritten by Section VI(A)(2)(b) is therefore still a viable exclusion in the basic policy and, as such, is applicable to the Endorsement, including the provisions for contractual indemnity, see Oliver & Wool, supra.
The language of the amendment provides only that Section VI(A)(2)(b) is applicable to the “property damage liability” coverage. However, because section k of the original policy is replaced by Section VI(A)(2)(b) only in the property damage section, and because section k was applicable to the contractual indemnity provisions of the amended form, Section VI(A)(2)(b) also is applicable to the contractual indemnity provision of the amendment.
We therefore again conclude that the trial court erred in concluding that, as a matter of law, coverage under Lloyd’s policy existed in this case, and we reinstate our original ruling annulling the trial court’s judgment granting summary judgment in favor of LMS, affirming the trial court’s judgment denying LMS statutory penalties and attorney fees, and remanding the case for further proceedings not inconsistent with this opinion.
WICKER, J., concurs in the decree.

. In our opinion, we stated that Oliver & Wool was decided "coincidentally by this identical panel.” This is incorrect and should read two of the panel members in Oliver & Wool are also members of this panel.