GAUDIN, Judge.
Appellant is Schaff Brothers Contractors, Inc., whose low bid for public work at Riverdale High School was rejected by the Jefferson Parish School Board because a Schaff representative did not attend an advertised and required pre-bid meeting. Schaff petitioned unsuccessfully for injunc-tive relief in the 24th Judicial District Court. When this request was denied, Schaff filed this appeal. We affirm.
The JPSB responded to the appeal, contending that the school board was vested with sufficient discretion to turn down a bid that did not fully comply with clear and precise instructions. In addition, the school board filed exceptions of no right or cause of action saying that the construction work sought to be enjoined had been completed; therefore, the petition for an injunction is now moot.
We find the exceptions well taken. See Oliver and Wool Const. v. Metro Erection, 524 So.2d 911 (La.App. 5 Cir.1988), wherein this Court, at page 911, stated:
“The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to the submission of the case for a decision, and if proof of the ground of the exception appears of record.”
Attached to the exceptions is documentary proof that the job had been completed as of August 7, 1991. This fact has not been disputed.
*421 Furthermore, we believe the JPSB acted within its discretion. The bid advertisement specified a mandatory pre-bid meeting. Nine of the 10 bidders attended the meeting. Schaff did not, for reasons of its own.
The school board met to consider waiving Schaff s attendance at the pre-bid meeting but decided against waiving such a requirement. The trial judge did not find any action of the JPSB either arbitrary or in violation of the public bid law although Schaffs bid on a $158,840.00 job[1] was $5,600.00 lower than the second low bidder.
Schaff also argues that the school board, by actually opening Schaff’s sealed bid, waived Schaffs failure to attend the pre-bid meeting. We are unaware of any authority for such a contention.
The JPSB, in summary, says that it weighed the dollars saved on this construction job against maintaining the integrity of its bidding procedure. The message sent to prospective bidders, the school board asserts, is explicit. Bidders must read and fulfill all requirements of the bid specifications and instructions.
We cannot say that the trial judge erred in denying injunctive relief. Furthermore, the exceptions based on mootness were properly taken. Schaff is to bear costs of this appeal.
AFFIRMED.

. This was the amount bid by the second low bidder.