641 So.2d 642 (1994)
SCHAFF BROS. CONTRACTORS, INC.
v.
The JEFFERSON PARISH SCHOOL BOARD.
No. 94-CA-177.
Court of Appeal of Louisiana, Fifth Circuit.
July 26, 1994.
Writ Denied November 11, 1994.
*643 Thomas F. Gardner, Douglas A. Kewley and Patricia M. Crowley, Metairie, for plaintiff-appellant.
Jack A. Grant, Gretna, for defendant-appellee.
Before BOWES, DUFRESNE and WICKER, JJ.
DUFRESNE, Judge.
This is an appeal by Schaff Bros. Contractors, Inc., plaintiff-appellant, from a judgment dismissing its suit against the Jefferson Parish School Board. At issue in this matter is whether the Board violated the Louisiana public contracts law in refusing to consider Schaff's "bid" on an air conditioner replacement job because of this contractor's failure to attend a mandatory pre-bid meeting. The trial judge ruled that it had not, and for the following reasons we affirm that ruling.
The general facts of this case are that the Board advertised for bids for replacing the air conditioning chiller units at one of its schools. The Board's architect for the project, Anthony Gendusa, was of the opinion that because of the location of some power lines above the work site which might have caused some problems in doing the project, he thought it wise to have all bidders actually view the site before submitting bids. To accomplish this, the bid specifications were written to include mandatory attendance at a pre-bid meeting. The advertisement for bids was first published on March 21, 1991, and stated that:

A MANDATORY PRE-BID MEETING will be held
on: Monday, April 15, 1991
at: 10;00 A.M.
location: Principal's officeRiverdale High School to allow prospective Bidders to review the job scope and conditions.
Further, the instructions in the bid package stated unambiguously that:
It is mandatory that a Bidder attend this meeting for his proposal to be considered. It is the responsibility of the Bidder to acquaint himself with Work, Site, Contract Documents and all attending conditions so that no misunderstanding may afterwards arise as to character or extent of Work to be done, and then to submit a responsible and complete Proposal.
Although Schaff stipulated that it received the bid package before the pre-bid meeting, for reasons not of record, no representative of Schaff attended that mandatory meeting. The nine other bidders did attend the meeting. When the bids were to be opened, the architect advised Mr. Timpa, the Board's construction consultant, that Schaff's "bid" should not be opened because it had not attended the meeting. After consulting with the Board's attorney, Mr. Timpa did open the "bid", which was some $5,600.00 lower than the next lowest bid, submitted by Hudson Mechanical. Nonetheless, the architect and consultant notified Schaff, on April 29, 1991, that they had recommended to the board *644 that Schaff's "bid" be rejected for failure to attend the pre-bid meeting.
The Board invited Schaff to appear at a hearing to contest this recommendation, if it so wished, and that hearing was held on May 1. After considering the matter, the Board determined that it would not waive the requirement of attendance at the pre-bid meeting, and therefore would not consider the "bid" submitted by this company.
Schaff thereupon brought suit for an injunction to prevent the contract being given to the next lowest bidder and for damages. The Board prevailed in the injunction matter in both the district court and on appeal, Schaff Brothers Contractors, Inc. v. The Jefferson Parish School Board, 591 So.2d 420 (La.App. 5th Cir.1991), writ denied, 592 So.2d 1336 (La.1992), and the project has long since been completed. The damages portion of the suit has now also been resolved in the Board's favor in the district court, and Schaff brings this appeal from that judgment.
Louisiana's public contract law, La. R.S. 38:2212(A) provides pertinently that contracts are to be awarded to the
"lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised...."
There is no question here that the advertisement, as well as the bid package itself, contained the requirement that bidders attend the pre-bid meeting. Schaff did not attend the meeting and therefore did not "bid" according to the specifications as advertised. In this circumstance, we find that its "bid" was properly not considered.
The same result was reached in Gibbs Construction Co., Inc. v. Board of Supervisors of L.S.U., 447 So.2d 90 (La.App. 4th Cir.1984), on facts remarkably similar to those before us. There, the court found that Gibbs's failure to attend a mandatory pre-bid meeting resulted in its disqualification as a bidder. It went on to hold that because Gibbs was not a qualified bidder, it therefore failed to state a cause of action against the Board in its suit to be declared the lowest bidder. Finally, the court noted that even were it assumed that the Board had the authority to waive the pre-bid meeting requirement, it was not arbitrary in apparently refusing to do so and instead upholding the advertised requirement of attendance.
In the case before us, Schaff did not attend the required meeting, and therefore has no complaint that its "bid" was rejected. Neither can the Board be found arbitrary in refusing to waive the pre-bid meeting requirement because this requirement was clear in both the advertisement for bids and the bid package itself. Considering all of the circumstances of the case, we hereby affirm the judgment of the trial court dismissing Schaff's suit against the Jefferson Parish School Board.
AFFIRMED.