345 So.2d 912 (1976)
F. G. SULLIVAN, Jr., d/b/a F. G. Sullivan, Jr., Contractor
v.
The CITY OF BATON ROUGE et al.
No. 10788.
Court of Appeal of Louisiana, First Circuit.
July 21, 1976.
*913 Victor A. Sachse, Jr., and Victor A. Sachse, III, of Breazeale, Sachse & Wilson, Baton Rouge, for intervenor-appellant Barber Bros. Contracting Co.
Bobby L. Forrest, Baton Rouge, for plaintiff-appellee F. G. Sullivan.
R. Gordon Kean, Jr., Baton Rouge, for intervenors-appellees E. Baton Rouge Assn., et al.
Joseph F. Keogh, Parish Atty., for City of Baton Rouge.
Before LANDRY, COVINGTON and PONDER, JJ.
COVINGTON, Judge:
This is a suit for mandamus brought by F. G. Sullivan, Jr., d/b/a F. G. Sullivan, Jr., Contractor, against the City of Baton Rouge, the Parish of East Baton Rouge, the Mayor-President and the City-Parish Council of East Baton Rouge seeking to compel the defendants to award a contract on a certain road construction project, designated as City-Parish Project No. 74-PR-CI-0401, State Project Nos. 742-00-88 and 742-00-87, and Federal Aid Project Nos. M-8063(001) and M-6056(001), Bluebonnet Boulevard, Perkins Road to I-10, to the petitioner as the alleged lowest responsible bidder on the public works project. Petitions of intervention were filed by Barber Brothers Contracting Company, Inc., the contractor to whom the defendants proposed to award the road construction contract, and EBR Associates, as abutting property owners interested in the project being completed, averring that petitioner's bid was properly rejected, because Sullivan had not filed the required bond with his bid in that the amount of Sullivan's bid was not expressed "in dollars and cents" in accordance with the bidding requirements and conditions, and the remedy of mandamus did not lie under the facts and circumstances presented in the instant case.
The facts show that the City-Parish desired to construct that portion of Bluebonnet Boulevard which would link Perkins Road to Interstate-10. The construction was to be funded with moneys made available by the abutting property owners and the Federal Highway Administration. In accordance with certain plans and specifications, the project was advertised and bids, including petitioner's and the intervenor contractor's, were received by the City-Parish.
The bid proposal, containing the plans and specifications for the project, as well as the various rules and regulations governing the project, was made available to all interested persons.
The original proposal contained several forms and provisions which were subsequently amended by two addenda. The first addendum voided the "Bid or Proposal Bond" form contained in the original proposal, and substituted an alternate form. The alternate form substituted "Parish of East Baton Rouge" for "Department of Highways, State of Louisiana." The second addendum provided, in pertinent part, an amendment to Subsection 102.08, relative to guaranty requirements.
*914 Bids were submitted to and opened by the City-Parish. At first it was determined that Sullivan had submitted the lowest bid; however, subsequently it was determined by a representative of the Department of Highways that Sullivan's bond was "irregular" and failed to comply with the bid bond requirements. Instead of filling out the bid bond in "dollars and cents," Sullivan had put "five per cent of the amount of the bid."
It was thereafter determined, and Sullivan was so informed, that his bid was rejected because of this irregularity. Petitioner has filed this mandamus proceeding to question this rejection of his apparent low bid and to compel the defendants to award him the road construction contract as the lowest responsible bidder.
The petitioner contends that the subject construction is a parish road project, as evidenced by the procedures followed in issuing the notice to contractors, advertising for bids, receiving and opening bids; and that the amendments to the original proposal placed the bidding procedures, including the requirements for bid bonds, under the exclusive control of the City-Parish. The petitioner also challenges the right of the Department of Highways to question his bid because the subject project is not a state project, the state appearing only as administrator of the Federal Aid Project funds. The petitioner claims that his bid bond was regular, that he was the lowest responsible bidder, and that the contract must be awarded to him.
On the other hand, the defendants and the intervenor contend that State Highway regulations and specifications are controlling in the instant case and that Sullivan failed to comply with the State Highway regulations in that his bond did not contain a "dollars and cents" designation, so that his bid must be rejected. Intervenor claims to be the lowest responsible bidder. In addition, intervenor urges that mandamus does not lie under the facts and circumstances of the instant case.
Mandamus is defined in LSA-C.C.P. art. 3861 as follows:
"Mandamus is a writ directing a public officer or a corporation or an officer thereof to perform any of the duties set forth in Articles 3863 and 3864."
As directed to public officers, LSA-C.C.P. art. 3863 provides in pertinent part:
"A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. . ."
Both the state legislature and the City-Parish Council have prescribed the form of bid bonds for public works contracts:
LSA-R.S. 48:253 states that:
"Every bid submitted shall be accompanied by a certified check, certified by a cashier of a national or state bank located in this state or by a bid bond guaranteed by a surety company qualified to do business in this state. The certified check or bid bond submitted shall be for an amount fixed by the department and shall be approximately five per cent (5%) of the department's engineer's cost estimate of the contract. The certified check or bid bond shall be forfeited to the department and credited to its general fund if the bidder fails to make the required bond and sign the contract within ten days after having received notice of the award from the department. Checks or bid bonds of unsuccessful bidders shall be returned to them not less than fifteen days after receipt of bids."
Title 1, Section 706 of the parish ordinances reads as follows:
"The purchasing agent in all cases where bids are advertised may require the bidder to attach a certified check, cashier's check, or bid bond, for not more than five per cent (5%) of the estimated price of the supplies or materials, or the contract price of the work to be done, as evidence of good faith on the part of the bidder. Where no bid bond, cashier's check, or certified check, as required by this section, accompanies a bid, the purchasing agent shall reject said bid, and if circumstances justify, may recommend that all bids be rejected and re-advertised, provided, *915 however, that if only one bid is received which is deemed otherwise proper and sufficient, the purchasing agent may accept same."
The Court has reviewed the plans and specifications comprising the Bluebonnet Boulevard project, including the addendums thereto. The "Special Provisions" found at page seven of the proposal state, in pertinent part:
"STATE PROJECT NOS. 742-00-88 & 742-00-87
SPECIAL PROVISIONS
The Louisiana Standard Specifications for Roads and Bridges, dated October 1971, together with these special provisions consisting of page numbers 1 thru 46, A1 thru A13, MO thru M52 and E1 thru E32 and the following attachments, are a part hereof and shall become a part of the contract on this project. In the Louisiana Specifications for Roads and Bridges, the Parish of East Baton Rouge shall be substituted for the Department of Highways wherever pertinent or required to designate the Parish as the responsible contracting party to any contract."
Subsection 102.08 of the Louisiana Highway Department Supplemental Specifications dealing with bidding requirements and conditions provides, with respect to proposal guaranties, the following (the first paragraph having been amended by Addendum No. 2):

"Each bid must be accompanied by a proposal guaranty in an amount of not less than five (5) percent of the amount of the contractor's bid. The proposal guaranty shall be either a check certified by the cashier of a National or State Bank located in the State of Louisiana or a bid bond guaranteed by a surety company qualified to do business in the State of Louisiana. The certified check or bid bond shall be made payable to the Parish of East Baton Rouge. A cashier's check, money order or currency will not be accepted.
"If the proposal guaranty submitted by a bidder is in the form of bid bond, this bond must be similar in all respects to the form of the `Bid or Proposal Bond' sheet included in this proposal. The Bid bond must be filled out in dollars and cents; must be signed by the president, owner or partner of the bidding firm, or each firm representing a joint venture; and must be signed by the surety's agent or attorney-in-fact. If the surety's signer is not an authorized licensed resident agent in accordance with existing State laws, the bond shall be countersigned by a licensed resident agent authorized by the Louisiana Commissioner of Insurance to sign on behalf of the surety. The bond shall be accompanied by a notarized document granting general power of attorney to the surety's signer.
"Any deviation from these requirements will be considered cause for rejection of the bid." (Emphasis added.)
Thus, the primary issue presented to us is whether Sullivan's bid bond was an acceptable bid bond. The trial court was of the opinion that it was, since it met the requirements of a statutory bond. The trial court found, as stated in his written reasons for judgment:
"Thus, a valid statutory bond is all that is required of plaintiff in this case. The sole issue presented is whether or not plaintiff's bond meets the requirements of the statutory bond provided for. This Court is of the opinion that it does. Neither the Council nor the Legislature saw fit to spell out, as did the drafters of Subsection 102.08 of the Louisiana Highway Specifications, that the bond must contain a `dollar and cents' designation.
"This Court finds that the requirements of both R.S. 48:253 and Section 706 of the parish ordinances are met by the bid bond of plaintiff which specifies that the bond is in the amount of 5% of the bid. Any other interpretation would be so highly technical as to be unreasonable. The sole purpose of the public bidding statutes is to insure that contractors are selected on the basis of the lowest responsible bid and that their performance is guaranteed by means of a valid, enforceable bond. It *916 would be unthinkable to suppose that the bonding company in this case could refuse to honor its bond because of the supposed `irregularity' at issue here. Neither the sanctity of the bid nor the public trust are in any way jeopardized by filling in a percentage of the bid for the amount of the bond."
The trial court, therefore, concluded that the petitioner was entitled to a writ of mandamus "directing defendants to accept the bid bond of plaintiff as a legal statutory bid bond." We agree.
The law is settled that it is only where there is "a substantial variance between a bid specification and a bid," that the bid must be rejected. Tide Equipment Co. v. Point Coupee Parish Police Jury, 312 So.2d 154, 158 (La.App. 1 Cir. 1975), writ refused 315 So.2d 38; Toye Bros. Yellow Cab Company v. City of New Orleans, 264 So.2d 768, 772 (La.App. 4 Cir. 1972), writ refused 263 La. 102, 267 So.2d 210. There is no substantial variance between the bid specification and the bid or bid bond in the instant case. The bid bond clearly set out that it was in the amount of 5% of the bid. We believe the sum of money in dollars and cents can easily be figured, even applying the "new math" of today's generation. We will not impose a hypertechnical construction on bid specifications. Bid specifications must be designed and interpreted to encourage bids, not to discourage them. Arbitrary requirements in bid specifications will no more be permitted than the arbitrary selection of the low bidder. See St. Landry Lumber Co. v. Mayor and Board of Aldermen of Town of Bunkie, 155 La. 892, 99 So. 687, 689 (1924).
However, insofar as the petitioner has asked for relief "broader than the issue presented", as found by the trial court, in seeking "to mandamus the defendants to award the contract to plaintiff," he is not entitled to such relief, because "other factors may bar the execution of the contract. For instance, defendants have a right to reject any and all bids if the budget allocation is deficient or if the bid or bidder is determined not to be responsible for reasons beyond the bid bond." W. R. Aldrich & Company v. Gravity Drainage District No. 1, 238 La. 190, 114 So.2d 860, 864 (1959); T. L. James & Co. v. Jefferson Parish Council, 161 So.2d 597, 600 (La.App. 4th Cir. 1964).
Accordingly, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.