WILLIAM A. CULPEPPER, Judge Pro Tem.
This is an action for injunctive relief. Plaintiff, C. R. Kirby Contractors, Inc., submitted a bid proposal to the defendant, City of Lake Charles, for a concrete patching project on a city street. The plaintiff’s bid was rejected, even though it was the lowest bid, for failure to list its subcontractors, as required by a city ordinance and by the bid specifications. The plaintiff seeks to enjoin the City from awarding the contract to the next lowest bidder, defendant, Asphalt Associates. The trial court denied the permanent injunction. Plaintiff appealed.
FACTS
The City Council of the City of Lake Charles authorized the mayor on October 17, 1990 to advertise for sealed bids on the project. The specifications contained a statement requiring bidders to list proposed subcontractors to be used in completion of the project. This statement was in accordance with Ordinance No. 8528, adopted October 7, 1987, by the City Council, which requires submitting, with the bid proposal, a list of subcontractors to be used on the project.
Seven firms submitted bids, and on December 5, 1990, the bids were opened. As each bid was opened, the bidder was identified and the total amount of that bid was read. The city council was also orally informed of the presence or absence of a bid bond, and an executed or non-executed subcontractor’s submittal list. All of the bidders executed a subcontractors list, with the exception of defendant, C. R. Kirby. The bid submitted by C. R. Kirby was the lowest bid at $337,330.55, and the second lowest bid was by defendant, Asphalt Associates, at $340,742.80.
On December 10, 1990, the mayor received a letter from a representative of C.R. Kirby, Carl Poarch. The letter stated that C.R. Kirby did not intend to use any *954 subcontractors on this project. On December 14, 1990, the attorney for Asphalt Associates raised an objection to the bid of C.R. Kirby because no subcontractor was listed with its bid proposal.
On December 19, 1990, the city council held a meeting and a motion was adopted, to accept the Kirby bid, since it was the lowest. Asphalt Associates again raised their objection to the Kirby bid as not meeting the specifications for failure to submit a list of subcontractors. At that time, Roger Kirby, of C. R. Kirby Contractors, Inc., told the council Kirby would use a stripping subcontractor and requested the council to allow it to submit the name at a later date.
The council debated and discussed the purpose of the requirement of submitting the list of subcontractors with the bid proposal. Councilmen stated the purpose was to prevent general contractors from bid shopping for subcontractors after the bid was awarded. The council then voted to accept the bid of Asphalt Associates as the lowest “responsible” bidder or lowest bidder who was in compliance with the requisite specifications.
C.R. Kirby then filed this suit for an injunction to prevent the city council from awarding the bid to Asphalt. The trial court denied the permanent injunction. C. R. Kirby filed this appeal and makes the following assignments of error:
(1) THE TRIAL COURT ERRED IN DETERMINING THAT THE C.R. KIRBY BID WAS NOT IN COMPLIANCE WITH THE SPECIFICATIONS OF THE PROJECT BECAUSE IT DID NOT LIST A SUBCONTRACTOR.
(2) THE TRIAL COURT ERRED IN FINDING THAT THE INTENTION OF THE CITY COUNCIL TO PREVENT BID SHOPPING JUSTIFIED ITS REJECTION OF THE C.R. KIRBY BID.
(3) THE TRIAL COURT ERRED IN FINDING THAT THE CITY WAS NOT ARBITRARY OR UNFAIR IN REJECTING THE C.R. KIRBY BID.
(4) THE TRIAL COURT ERRED IN FAILING TO DETERMINE WHETHER THE REJECTION OF THE C.R. KIRBY BID MET THE “JUST CAUSE” STANDARD OF LA. R.S. 38:2214(A)(2).
LAW
The pertinent portions of the specifications of this project are as follows:
1.50 SUBCONTRACTING:
The Contractor may utilize the services of specialty subcontractors on those parts of the work which, under normal contracting practices, are performed by specialty subcontractors.
The Contractor shall submit with his bid a list of subcontractors he proposes to use on this contract (if any) on the Subcontractor Submittal Form included in these documents. The submittal shall include the proposed category or scope of work the subcontractor will perform. No subcontractor not previously submitted with the bid will be allowed to perform any work on the project unless approval is received from the Lake Charles City Council.”
29. SUBCONTRACTOR LISTING:
Each bidder shall submit with his bid a list of the names of subcontractors he proposes to use, if any, on this project, including which category of work the proposed subcontractor will be performing.
No subcontractor whose name has not been included on the list submitted by the successful bidder may engage in any portion of the work unless the same has been approved by the City Council.
These specifications are governed by Ordinance No. 8528, which reads:
SECTION 1: Each bid on a project of public improvement shall contain a list of names of subcontractors proposed to be used by the bidder in connection with the project, which list shall form part of the contract between the City and the successful bidder. (Emphasis added)
SECTION 2: The specifications on projects of public improvement shall provide that no subcontractor whose name has not been included on the list submitted *955 by the successful bidder may be engaged in connection with the project as bid or perform work in connection therewith unless the same has been approved by the City.
The award of this contract is controlled by LSA-R.S. 38:2212, which mandates the contract be awarded to “the lowest responsible bidder who bid according to the contract, plans and specifications.” Thus, whether or not the city council was correct in rejecting Kirby’s bid depends on whether or not Kirby was the lowest responsible bidder.
The language of the bid specifications and the ordinance includes two provisions. First is mandatory language proclaiming that any bidder who intends to use a subcontractor “shall” submit the name of the subcontractor which he intends to use. The second provision contains language giving the council discretion to approve the use of a subcontractor “whose name has not been included on the list.”
The minutes of the council meeting include statements by council members stating that one of the purposes of the second provision, “No subcontractor whose name has not been included on the list may engage in any portion of the work unless the same has been approved by the city council,” was to allow a substitution where a subcontractor had gone out of business or was otherwise unable to perform. This expresses a clear intent to have the subcontractors identified when the bids are submitted.
After submitting its bid, Mr. Poarch, of C. R. Kirby, sent a letter to the mayor stating that Kirby did not intend to use any subcontractors. Then at the meeting of the council where the contract was to be awarded, Mr. Roger Kirby, of C. R. Kirby, stated Kirby would be using a stripping subcontractor, and he was under the impression that the name of such subcontractor could be submitted at a later date.
However, the specifications require sub-mittal of the names of any subcontractors to be used on the project, at the time the bid is submitted. Kirby did not comply with these specifications, and as such was not the “lowest responsible bidder.”
ASSIGNMENT OF ERROR NO. 2
Kirby contends the lower court erred in finding the intention of the city council, to prevent bid shopping, justified its rejection of the Kirby bid. As explained in the city’s brief, its theory is that if bid shopping is permitted, a successful bidder could then approach subcontractors for a lower price, and, because of the certainty of getting the job, subcontractors would reduce their price, yielding a greater profit for the general contractor and no benefit to the city. By requiring submission of a list of subcontractors with the bid, the subcontractors will initially quote their lowest price, instead of an inflated price in anticipation of bid shopping. The result is the lowest possible cost for the taxpayer, and fairness to bidders and subcontractors.
In D. M. Clement Construction Contractor, Inc. v. St. Charles Parish and/or St. Charles Parish Council, 524 So.2d 86 (La.App. 5 Cir.1988) the court held:
[3] We hold that the Parish’s reasonable, good faith interpretation of its own specifications should not be disturbed by a court whose views might be different. In making this holding, we follow in substance those many prior cases which have held that
Louisiana follows the general rule of vesting a public agency, in awarding a public works contract, with discretion subject to judicial review. Courts will not substitute their judgment for the good faith judgment of an administrative agency.
The Lake Charles City Council made a good faith judgment in upholding its policy to prevent bid shopping, and rejecting the Kirby bid. Courts will not substitute their judgment for the good faith judgment of an awarding authority. D.M. Clement, supra.
ASSIGNMENT OF ERROR NO. 3
The defendant, C.R. Kirby Contractors, Inc., maintains it was error for the lower court to find the City was not arbitrary or unfair in rejecting the C.R. Kirby bid. The *956 Third Circuit stated in Budd Construction v. City of Alexandria, 401 So.2d 1070 (La. App. 3 Cir.1981) that an awarding agency’s determination of the lowest responsible bidder should not be disturbed absent a showing that the awarding agency exercised its discretion in an arbitrary and capricious manner.
The city council did not exercise its discretion in an arbitrary and capricious manner. The minutes of the council’s meeting reflect that the council considered the language of the specifications as well as the purpose and policy of the specifications in regard to submitting names of subcontractors. After careful consideration, the council determined the bid of C.R. Kirby did not meet the requirements of Ordinance No. 8528 and thus rejected its bid. The lower court did not err in finding this rejection was not arbitrary and capricious.
ASSIGNMENT OF ERROR NO. 4
In the final assignment of error C. R. Kirby asserts the trial court erred in failing to determine whether the rejection of the C. R. Kirby bid met the “just cause” standard of LSA-R.S. 38:2214(A)(2). Kirby relies on the language in Pittman Construction Co. v. Parish of East Baton Rouge, 493 So.2d 178 (La.App. 1 Cir.1986):
The Council does not have the right to select which bidder to whom it will award public works contracts. The Council, as the awarding authority for the Cirt-Parish, is obliged to determine, in good faith, which of the bidders is the lowest responsible bidder. A bid may be rejected only if it deviates from the contract, plans and specifications as advertised in a matter of substance sufficient to constitute “just cause.” In default of the existence of just cause, the rejection of low bid is reprobated by law. LSA-R.S. 2214(A)(2). When the variance in the bid does not, affect the integrity of the contract; does not result in favoritism or prejudice to the bidders or to the taxpaying public; does not permit circumvention of the Public Bid Law or the rules of open and fair competition and does not discourage public bidding, it is insubstantial, does not constitute “just cause” and the public entity does not have the discretion or right to reject the bid because the bid because of the variance. LSA-R.S. 38:2214; Sullivan vs. City of Baton Rouge, 345 So.2d 912 (La.App. 1st Cir., 1976); Lorenz vs. Plaquemines Parish Commission Council, 365 So.2d 27 (La. App. 4th Cir., 1978); and [Milton J.] Womack [Inc. v. Legislative Budgetary Control Council, 470 So.2d 460 (La.App. 1st Cir.1985)] supra.
C.R. Kirby’s bid deviated from the specifications of this particular project by failing to list the name of the subcontractor the company intended to use for stripping. For this reason the city council rejected the bid as not being “the lowest responsible bid,” even though it was the lowest numerically. The city council had just cause, as defined by LSA-R.S. 38:2214(A)(2), to reject the bid. The variance in C. R. Kirby’s bid did result in “prejudice to the other bidders.” Out of seven bids, the C. R. Kirby bid was the only one to not list subcontractors. At the council meeting, Roger Kirby admitted C. R. Kirby would be using a stripping contractor. If the city council had accepted the Kirby bid, this would have resulted in prejudice to the other bidders who followed the specifications and listed their subcontractors. The other bidders got quotes from subcontractors and incorporated these into their bids. If Kirby were awarded the contract without listing which subcontractors it would use, Kirby could then “bid shop” among the subcontractors and increase its profit. This would result in prejudice to the other bidders. Thus, the city council had just cause to reject C.R. Kirby’s bid.
DECREE
For the reasons assigned, the judgment appealed is affirmed. All costs are assessed against plaintiff-appellant.
AFFIRMED.