612 So.2d 132 (1992)
C.R. KIRBY CONTRACTORS, INC.
v.
CITY OF BATON ROUGE and Parish of East Baton Rouge.
No. 92 CA 1763.
Court of Appeal of Louisiana, First Circuit.
November 13, 1992.
*133 Helen Edgington, Michael Grace, Jr., Baton Rouge, for plaintiff-appellee C.R. Kirby Contractors, Inc.
William Lowrey, Baton Rouge, for defendant-appellee.
W.P. Wray, Jr., Chris P. Pierce (Charles Wm. Roberts, of counsel), Wray & Kracht, Baton Rouge, for defendant-appellant Forby Contracting, Inc.
Before LOTTINGER, C.J., FOIL, J., and FOGG,[*] J. Pro Tem.
LOTTINGER, Chief Judge.
This case involves the general provisions of the Public Contract Law, La.R.S. 38:2181-2226, and the Contractor Licensing Law, La.R.S. 37:2150-2164. On January 30, 1992, C.R. Kirby Contractors, Inc. (Kirby) brought suit against the City of Baton Rouge and the Parish of East Baton Rouge (City-Parish) in order to prevent them from rejecting all bids for a road improvement project and to force the City-Parish to accept Kirby's bid.
After the City-Parish's peremptory exception raising the objection of no right of action was denied, the City-Parish answered Kirby's petition by claiming that just cause existed to reject all bids. The City-Parish, in its answer, filed a cross-claim naming Forby Contracting, Inc. (Forby), the lowest of the bidders, as cross-defendant. The City-Parish argued that if the court found that just cause did not exist to reject all bids then Forby should be declared the low bidder or, in the alternative, that Forby's bid should be declared null and void.
The trial court granted Kirby's petition for a preliminary injunction prohibiting the City-Parish from rejecting all bids and set a date for a hearing on the permanent injunction and mandamus.
Subsequently, Forby answered the City-Parish's cross-claim, asserted its own cross-claim against the City-Parish, and brought a reconventional demand against Kirby. Forby sought a declaratory judgment adjudicating it as low bidder, an injunction preventing the City-Parish from contacting with anyone else, and a writ of mandamus ordering the City-Parish to enter into a contract with Forby. In the alternative, Forby sought a declaration that the City-Parish had just cause to reject all bids.
The trial court issued a mandamus ordering the City-Parish to enter into a contract with Kirby. It is from this ruling that Forby brings this appeal.

FACTS
Kirby, Forby, and the City-Parish, stipulated to the following material facts. Kirby and Forby were two of the six construction contractors that responded to the City-Parish's advertisement for bids on Project Number 91-CR-ST-0024 (Winborne Avenue). The project consisted of repairs to an existing road in the City of Baton Rouge. The advertisement stated that sealed bids would be accepted until January 9, 1992, at 2:00 p.m., at which time the bids would be opened. Contractors who responded to the advertisement were given *134 the necessary proposal forms and a bid envelope in which to submit their proposals. All parties involved, including the City-Parish, stipulated that the City-Parish Engineer furnished interested contractors bid envelopes intended for "purchasing bids" rather than "construction bids." It is this mistake that forms the basis of the current litigation as the exterior of the envelopes provided did not contain a designated place for the entry of a Louisiana contractor's license number as required by La.R.S. 37:2163 A.
Shortly after 2:00 p.m. on January 9, 1992, but before any of the bids were opened, the City-Parish representative, J.L. Martin, noticed that three of the six bids did not have a Louisiana contractor's license number written on the exterior of the bid envelope. Apparently, this was when the City-Parish became aware of the envelope mistake. After consulting with the parish attorney, Mr. Martin delayed the bid opening for a 24-hour period during which time three contractors, including Forby, were allowed to write their license numbers on the exterior of the bid envelopes. Kirby and two other contractors had written their license numbers on the face of the envelope even though no space was provided. Mr. Martin retained custody of all bids during the relevant time and no contractor was allowed to modify their bid in any other respect.
On January 10, 1992, all bids were opened and Forby's was determined to be the lowest responsive bid. Kirby objected to the extension of time and demanded that the awarding authority reject the three bids which did not initially display a license number as non-responsive and award it the contract as the lowest responsive bidder. Kirby's bid was $1,387,108.75 and Forby's was $1,319,689.25, $67,422.50 less.
On January 22, 1992, the Baton Rouge City Council rejected all bids and scheduled the project for readvertisement and rebidding. Kirby and Forby objected to the rejection of all bids claiming there was not just cause to do so. Kirby then enjoined the Council's action and brought a mandamus action to compel the Council to enter into the contract. Forby joined the mandamus action claiming that it should be awarded the contract as the lowest bidder. Forby appeals the trial court ruling which essentially awarded the contract to Kirby.

ASSIGNMENTS OF ERROR
1. The district court erred in applying the Contractor's Licensing Law (La.R.S. 37:2163 A) to the bid opening, because the City-Parish violated the Contractor's Licensing Law by failing to require bidders to place their contractor's license numbers on the bid envelopes.
2. The district court erred in failing to hold that the City-Parish had discretion to postpone the scheduled bid opening for twenty-four hours for the specific purpose of correcting its violation of the Contractor's Licensing Law.
3. In the alternative, the district court erred in failing to hold that the City-Parish had "just cause" to reject all bids due to the irregularities in the bidding process associated with its violation of the Contractors Licensing Law.

DISCUSSION
As we hold that the City-Parish had just cause to reject all bids and readvertise the project, we find it unnecessary to discuss assignments of error one and two.
Under the provisions of the Public Contract Law contained in La.R.S. 38:2214 B, the public entity desiring to let a public contract "may reject any and all bids for just cause." The legislature amended this subsection in 1991[1] to include an illustrative list of what constitutes just cause.[2] *135 The purpose of the Public Contract Law is to insure that tax dollars for public works are spent wisely, that the lowest responsible bidder is awarded the contract, and that favoritism does not factor into the decision making process. In order to promote these purposes the legislature has enacted La. R.S. 38:2214 B requiring public entities to articulate reasons for rejecting any and all contracts. In the present case, the Baton Rouge City Council chose to reject all bids due to irregularities in the bidding process, namely, the failure of the City-Parish engineers to require contractors to place their license number on the exterior of the bid envelope. This failure by the City-Parish was a violation of the Contractor's Licensing Law, La.R.S. 37:2163 A,[3] which mandates that the awarding authority require contractors to place their license number on the outside of the bid envelope. We find that the City-Parish's violation of the Contractor's Licensing Law is just cause to reject all bids. The Council's actions were neither arbitrary nor unjustified.
Therefore, the judgment of the trial court is reversed. All costs are assessed against Kirby.
REVERSED AND RENDERED.
NOTES
[*] Judge Kenneth J. Fogg is serving as judge pro tem by special appointment of the Louisiana Supreme Court.
[1] Acts 1991, No. 1043, section 1, effective July 26, 1991.
[2] La.R.S. 38:2214 B: The public entity may reject any and all bids for just cause. Just cause for the purpose of the construction of public works is defined, but is not limited to the following circumstances:

1. The public entity's unavailability of funds sufficient for the construction of the proposed public work.
2. The failure of any bidder to submit a bid within an established threshold of the preconstruction estimates for that public work, as part of the bid specifications.
3. A substantial change by the public entity prior to the award in the scope or design of the proposed public work.
4. A determination by the public entity not to build the proposed public work within twelve months of the date for the public opening and reading of bids.
5. The disqualification by the public entity of all bidders.
[3] La.R.S. 37:2163. Issuance of plans, specifications, or proposals to unlicensed contractors; penalty

A. It is the intent of this Section that only properly licensed contractors, as defined by La. R.S. 37:2162(6), be awarded contracts either by bid or through negotiation. All architects, engineers, and awarding authorities shall place in their bid specifications the requirement that, on any bid submitted in the amount of fifty thousand dollars or more, a contractor shall certify that he is licensed under the provisions of this Chapter and show his license number on the bid envelope. Any bid in the amount of fifty thousand dollars or more that does not contain the contractor's certification and show the contractor's license number on the bid envelope shall be automatically rejected, shall be returned to the bidder stamped "Rejected" and shall not be read aloud. Any contractor not properly licensed who submits a bid for more than fifty thousand dollars, shall be acting in violation of this Section and shall be subject to all provisions for violations and penalties thereof.