698 So.2d 675 (1997)
BOH BROS. CONSTRUCTION CO., L.L.C.
v.
DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Frank Denton and Roddy Dillon.
No. 97 CA 0168.
Court of Appeal of Louisiana, First Circuit.
July 14, 1997.
W.P. Wray, Jr., Baton Rouge, for Plaintiff-Appellant Boh Bros. Construction.
*676 Lawrence A. Durant, Baton Rouge, for Defendant-Appellee Dept. of Transportation and Development, et al.
H. Bruce Shreves and Denise C. Puente, New Orleans, for Intervenor-Appellee Barriere Construction Co., Inc.
Before LOTTINGER, C.J., and SHORTESS, FOIL, FOGG and CHIASSON,[*] JJ.
FOIL, Judge.
This appeal challenges a trial court's determination that the Louisiana Department of Transportation and Development did not violate the Public Bid Law in awarding three contracts to the lowest numerical bidder. After a thorough review of the record, we affirm.

BACKGROUND
On July 31, 1996, the State of Louisiana, Department of Transportation and Development (DOTD) advertised for bids on numerous public works contracts involving major highway overlay projects. The three contracts at dispute in this litigation are State Project Nos. XXX-XX-XXXX, XXX-XX-XXXX and XXX-XX-XXXX. The bid advertisement stated that bids must be submitted on the proposal forms provided by DOTD, must be prepared in accordance with Section 102 of the 1992 Louisiana Standard Specifications for Roads and Bridges and must include all information required by the proposal. It stated further that the bid shall include a proposal guaranty in an amount not less than specified in the advertisement.
On August 28, 1996, DOTD received bids on all three of the projects from Boh Brothers Construction Co., L.L.C. and Barriere Construction Company. Barriere's bids of $2,349,234.20 on SP-0099, $2,705,937.96 on SP-0038 and $138,039.05 on SP-0012 were the lowest bids submitted to DOTD. Boh Bros. bid $2,462,701.38 on SP-0099; $3,047,987.96 on SP-0038 and $145,661.44 on SP-0012.
All three of Barriere's bids were initially stamped "irregular" by DOTD. On SP-0099, two irregularities were cited in the proposal check list: (1) the bond was not for the amount specified in the proposal and (2) the Equal Employment Opportunity Certification Statement (EEO Statement) was incorrectly filled out. The advertisement for bids originally called for a $107,000.00 proposal guaranty, but by virtue of an addendum which increased the estimated cost on the project, this amount was changed to $108,000.00. Barriere's bid on this project contained a $107,000.00 proposal guaranty. The other two bids were stamped irregular for not having a correctly filled out EEO Statement; the proposal guaranty in these two bids matched the bond amount specified in the advertisements.
In a low bid analysis, Robert Pierce, Chairman of the DOTD Bid Review Committee, recommended that the contracts be awarded to Boh Bros. The recommendation was endorsed by Chief Engineer Roddy Dillon, and later approved by Secretary Frank Denton.
Barriere challenged DOTD's irregularity determination, charging that it simply made a mistake in filling out the EEO Statement, and pointed out that as part of the same bid letting, it submitted a bid on another state project which contained a correctly filled out EEO Statement. Barriere stressed that since 1984, it completed at least 12 federal aid projects for DOTD and filed the requisite EEO Statements therein. Therefore, Barriere urged, since DOTD had the properly filled out certifications on file, the error in filling out the forms on the three projects should have no bearing on the validity of its bids.
Thereafter, DOTD determined that its initial ruling that Barriere's bids were irregular was made in error, and it recognized Barriere as the lowest responsible bidder on the three contracts. DOTD found that the error in filling out the EEO Statement did not go to the substance of the bid, and concluded that the fact that Barriere's bid on SP-0099 contained a $1,000.00 less bid bond than required was not a substantive deviation from the bid because the bid advertisement initially *677 contained a proposal guaranty of $107,000.00, the precise amount of Barriere's proposal guaranty on the SP-0099 bid.
On October 7, 1996, Boh Bros. filed this lawsuit, seeking injunctive relief in the trial court to prevent DOTD from awarding the contracts to Barriere. It also sought a mandamus ordering DOTD to award the contracts to it as the lowest responsible bidder.
The trial court denied the request for a preliminary injunction, finding that the irregularities in the EEO Statement were errors of form which DOTD could legally waive. The court also ruled that the $1,000.00 discrepancy in the bid bond on SP-0099 was insubstantial and this deficiency could be waived by DOTD. Noting that the deficiencies in Barriere's bids were insignificant coupled with the fact that Boh Bros.' bid was over half a million dollars higher than Barriere's, the court believed that DOTD did not act arbitrarily or otherwise favorably in accepting Barriere's bid as the lowest responsive bid despite its insignificant irregularities.
Boh Bros. appealed, challenging as a matter of law the power of DOTD to waive insignificant irregularities in bids on public works projects.

MOTION TO DISMISS THE APPEAL AS MOOT
During the course of this appeal, DOTD filed a motion to dismiss Boh Bros.' appeal, offering proof that all three disputed projects have been substantially completed. DOTD contends that the injunctive relief prayed for by Boh Bros. is no longer available as a remedy due to the completion of the projects. It also points out that Boh Bros. did not specifically ask for damages in its petition, and because the only relief sought is no longer available, this court should dismiss the appeal as moot.
It is true that Boh Bros. did not request damages in its petition. It did, however, request a declaration that DOTD violated the Public Bid Law and sought the relief available to it at that time: to enjoin DOTD from entering into the contract with Barriere. In public bid cases, our courts have recognized the dilemma created when an unsuccessful bidder files a timely application for injunctive relief which is denied by the trial court, and during the appeal delays, the project is substantially completed, resulting in the unavailability of injunctive relief. See Airline Construction Company, Inc. v. Ascension Parish School Board, 568 So.2d 1029 (La.1990).
In Stafford Construction Company, Inc. v. Terrebonne Parish School Board, 612 So.2d 847 (La.App. 1st Cir.1992), writ denied, 614 So.2d 82 (La.1993), this court held that an aggrieved bidder on a public works project who has timely filed a suit for injunctive relief may recover damages against a public entity. Thus, even though Boh Bros. may not be entitled to injunctive relief at this time due to the substantial completion of the project, because it timely sought injunctive relief, its remedy would convert to a cause of action for damages against the public entity. Therefore, the underlying legal issue in this case, that is, whether DOTD violated the Public Bid Law in awarding the contract to Barriere, is not mooted by the unavailability of injunctive relief. Accordingly, DOTD's motion to dismiss the appeal is denied.

POWER OF DOTD TO WAIVE IRREGULARITIES IN BIDS
We now turn to the merits of the challenged action, namely, whether the trial court erred in finding that DOTD did not violate the Public Bid Law in determining that Barriere was the lowest responsible bidder on the three contracts in dispute. Boh Bros. takes issue with the trial court's determination that the alleged irregularities Boh Bros. cited in the Barriere bids were insignificant errors that could be waived by DOTD. It urges that a public entity is statutorily prohibited from waiving any deviation in a bid proposal, no matter how insignificant or trivial that deviation is.
In support of this position, Boh Bros. points to a 1987 amendment to a provision of the Public Bid Law, La.R.S. 38:2212A(1)(b), which it argues was intended to preclude a public entity from waiving any deviations in a bid proposal. As it was originally enacted in 1984, La.R.S. 38:2212A(1)(b) provided that *678 "[t]he provisions and requirements of this Section shall not be waived by any public entity." In 1986, the provision was amended to add that the provisions and requirements of the Public Bid Law and those stated in the advertisement for bids shall not be considered as informalities and shall not be waived by any public entity. In 1987, the statute was amended again by Act 398 of 1987, and states:
The provisions and requirements of this Section, those stated in the advertisement for bids, and those required on the bid form shall not be considered as informalities and shall not be waived by any public entity.
Boh Bros. argues that by adding the language "required on the bid form" the legislature intended to preclude a public entity from waiving deviations that are properly characterized as a matter of the form of the bid, or a mere formality, rather than a substantive requirement of the bid.
Prior to the 1987 amendment to La.R.S. 38:2212A(1)(b), in addressing a claim that a public entity should have rejected a particular bid, our courts have recognized the distinction between errors of substance in a bid on a public works project and errors of form in the bid. In Pittman Construction Company, Inc. v. Parish of East Baton Rouge, 493 So.2d 178 (La.App. 1st Cir.), writ denied, 493 So.2d 1206 (La.1986), this court distinguished between errors of form which do not require a bid's rejection under the Public Bid Law, and errors of substance, which do require the public entity to reject the bid.
Even after the cited changes to La.R.S. 38:2212, this court has continued to apply the substance/form dichotomy to claims that a public entity should or should not have rejected a bid. See Stafford Construction Company v. Terrebonne Parish School Board, 560 So.2d 558 (La.App. 1st Cir.1990). The substance/form distinction is premised on the fact that where there is only an insignificant or insubstantial deviation from the bidding requirements, there has been competitive bidding as contemplated by the Public Bid Law.
The Public Bid Law was enacted in the interest of the tax paying citizens of the state, and its purpose is to ensure that tax dollars for public works are spent wisely, that the lowest responsible bidder is awarded the contract, and that favoritism does not enter into the decision making process. C.R. Kirby Contractors, Inc. v. City of Baton Rouge, 612 So.2d 132, 135 (La.App. 1st Cir. 1992); J.W. Rombach, Inc. v. Parish of Jefferson, 95-829 (La.App. 5 Cir. 2/14/96); 670 So.2d 1305, 1310. To deny a public entity the power to waive insignificant deviations in order to select a low bid on every public works project is contrary to the interests of the taxpaying citizens of this state.
Therefore, we construe La.R.S. 38:2212A(1)(b) to preclude a public entity from waiving substantive provisions and requirements of the Public Bid Law, the advertisement for bids and the bid forms. The public entity may waive deviations that are not substantive in nature. However, it may not treat substantive requirements of the Bid Law, the advertisement for bids and the bid forms as mere informalities in order to justify its decision to waive a deviation in a bid. Whether a public entity permissibly waived a bid requirement is reviewable by the courts, and the issue should be determined by using the substance/form analysis.
Thus, the question in this case is whether Boh Bros. has established that there were substantive defects in the Barriere bids which precluded DOTD from awarding the contracts to Barriere. Boh Bros. insists that Barriere's submission of an allegedly incomplete EEO Statement on each of the three disputed projects required DOTD to declare Barriere's bids irregular and reject those bids. In support of its argument, Boh Bros. points to the language of the Equal Employment Opportunity Certification Form itself which states: "This form must be completed in the proposal submitted for bidding purposes. Failure to complete this form will result in rejection of the bid." Barriere also relies on a provision of the Louisiana Standard Specifications for Roads and Bridges, applicable to the contracts under review, § 102.08(10) which provides:
102.08 IRREGULAR PROPOSALS.
Proposals will be considered irregular and *679 will be rejected for any of the following conditions:
(10) On Federal-Aid Projects, if the ... Equal Employment Opportunity Certification forms in the proposal are not properly executed and submitted with the bid.
The pertinent language of the EEO Statement and Barriere's responses to it is as follows:
Certification with regard to the Performance of Previous Contracts subject to the Equal Opportunity Clause and the filing of the Required Reports Federal-Aid Contracts:
The bidder X or proposed subcontractor X certifies that he has ___, has not ___, participated in a previous contract or subcontract subject to the equal opportunity clause, as required by Executive Order 10925, 1114 or 11246, and that he has X, has not ___, filed with the Joint Reporting Committee, the Director of the Office of Federal Contract Compliance, a Federal Government contracting or administering agency, or the former president's committee on Equal Employment Opportunity, all reports due under the applicable filing requirements.
* * * * * *
Contractors and subcontractors who have participated in a previous contract or subcontract subject to the Executive Orders and have not filed the required reports shall submit a report covering the delinquent period or such other period specified by the Federal Highway Administration or by the Director, Office of Federal Contract Compliance, U.S. Department of Labor.
The form is signed by Barriere's president, George Wilson Jr.
It is obvious that Barriere did in fact submit a completed, signed EEO Statement. It certified therein that it filed all reports with the federal agencies under the applicable filing requirements. It is also clear that when filling out the form, Barriere's agent simply put the X in the incorrect box, marking the space after proposed subcontractor rather than the space certifying that it has participated in a previous contract subject to the equal opportunity clause. It is axiomatic that a bidder cannot be both a contractor and a subcontractor. Furthermore, the certification that the reporting requirements had been met necessarily implied that the contractor had participated in a prior contract subject to the equal opportunity clause. Indeed, the record reflects that on the same day Barriere submitted bids on the projects under review, it submitted a bid on State Project No. XXX-XX-XXXX which contained a correctly filled out EEO Statement certifying that it had participated in previous contracts subject to the equal opportunity clause and had filed all reports due under the applicable filing requirements.
Barriere's simple mistake in filling out the forms does not, in our opinion, rise to the level of an "irregularity." The EEO form is designed to ensure that contractors working on contracts involving the federal government have filed appropriate documents regarding equal employment concerns with the pertinent federal agencies. Barriere certified that it did in fact file the required reports with the respective agencies and the EEO forms submitted by Barriere in the bid proposals thus were fully responsive. DOTD acted within its power in determining that the mistake did not require rejection of the Barriere bids.
The only other alleged irregularity is that Barriere's bid on SP-0099 contained a proposal guaranty of $107,000.00, whereas the advertisement called for a $108,000.00 bid bond. Boh Bros. contends that the $1,000.00 discrepancy mandated rejection of Barriere's bid.
La.R.S. 48:253, which governs bid bonds in proposals submitted to DOTD, provides, in pertinent part, that "[t]he ... bid bond submitted shall be for an amount fixed by the Department and shall be approximately five percent of the cost estimate of the contract that has been prepared by the department's engineer."
When SP-0099 was originally advertised, DOTD estimated the cost of the project to be $2,134,000.00. The proposal guaranty in the original notice to contractors was set at $107,000.00. DOTD later increased the estimated cost of the project to $2,222,000.00. *680 The estimated cost increase raised the proposal guaranty to $108,000.00. In the record there appears a revision sheet wherein the errors regarding the date for submission of the bids, the estimated cost and the proposal guaranty were corrected. On the section dealing with the $107,000.00 proposal guaranty, there appears the note "OK as is."
An addendum to the notice to contractors was issued by DOTD in which DOTD set forth that among other things, the estimated cost and the proposal guaranty were revised. The bid was advertised with a $108,000.00 proposal guaranty.
In accepting Barriere's bid containing a $107,000.00 proposal guaranty instead of a $108,000.00 bid bond, DOTD noted that the original advertisement called for a $107,000.00 bond. Furthermore, DOTD believed that the discrepancy in the proposal guaranty and Barriere's bid bond was not legally significant because Barriere's bond fell within La.R.S. 48:253's requirement that the bid bond be "approximately five percent" of the estimated cost of the project.
Due to DOTD's original advertisement calling for a $107,000.00 bid bond, and the fact that the $107,000.00 was within the approximately five percent of the estimated cost on the project, we agree with DOTD's position that the $1,000.00 discrepancy is a minor one which had no bearing on the substance of the bid, and therefore the deviation in the bid proposal on SP-0099 could legally be waived by DOTD.
Because Boh Bros. has failed to demonstrate any substantive deviations in Barriere's bid proposal precluding the award of the contracts to Barriere, the trial court acted correctly in denying Boh Bros. request for injunctive relief.

CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellant, Boh Bros. Construction Co., L.L.C.
AFFIRMED.
LOTTINGER, C.J., concurs in part and dissents in part and assigns written reasons.
CHIASSON, J., concurs and dissents for reasons assigned by LOTTINGER, C.J.
LOTTINGER, Chief Judge, concurring and dissenting.
I respectfully concur in part and dissent in part.
The majority concludes:
Therefore, we construe La.R.S. 38:2212A(1)(b) to preclude a public entity from waiving substantive provisions and requirements of the Public Bid Law, the advertisement for bids and the bids forms. The public entity may waive deviations that are not substantive in nature. However, it may not treat substantive requirements of the Bid Law, the advertisement for bids and the bid forms as mere informalities in order to justify its decision to waive a deviation in a bid. Whether a public entity permissibly waived a bid requirement is reviewable by the courts, and the issue should be determined by using the substance/form analysis.
The majority has reverted back to or at least continued the approach initially taken by this court in Sullivan v. City of Baton Rouge, 345 So.2d 912 (La.App. 1st Cir.1976) and continued in Pittman Construction Company, Inc. v. Parish of East Baton Rouge, 493 So.2d 178 (La.App. 1st Cir.), writ denied, 493 So.2d 1206 (La.1986).
In determining whether a public entity has the discretion to waive bidding formalities, it is necessary to review the history of La.R.S. 38:2212A(1)(b).

LA R.S. 38:2212A(1)(b)
Prior to the initial enactment of La.R.S. 38:2212A(1)(b), this court in Sullivan v. City of Baton Rouge decreed that the Public Bid Law forbids the rejection of bids for matters of form and held that a variation of substance must exist in the bid as a predicate for rejection of the bid. Sullivan established the rule that a governing body had the discretion to "waive informalities" in matters of form but could not waive requirements in matters of substance when considering bids made with less than complete compliance with bid requirements. In following the rule *681 of Sullivan, courts focused on whether the deficiency in the bid was one of substance or form. If the deficiency was one of form, it could be waived; if it was one of substance, it could not be waived. See Lorenz v. Plaquemines Parish Commission Council, 365 So.2d 27 (La.App. 4th Cir.), writ denied, 365 So.2d 1374 (La.1978); Gibbs Construction Co., Inc. v. Board of Supervisors of Louisiana State University, 447 So.2d 90 (La.App. 4th Cir.1984).
The legislature first attempted to curtail a public entity's discretion to waive informalities in 1984 when it enacted La.R.S. 38:2212A(1)(b) which then provided that "[t]he provisions and requirements of this Section shall not be waived by any public entity." Subsequent to this enactment, we decided Pittman Construction Company, Inc. v. Parish of East Baton Rouge. In Pittman, the apparent low bidder deviated from the bidding instructions by failing to write the price for a certain item in words and numbers. Instead the price was written as a lump sum in numerals. We determined that the deviation was not a matter of substance, but a matter of form, and therefore, the bid could not be rejected based on the deviation. Pittman, 493 So.2d at 183.
Just prior to our decision in Pittman, the governor approved Act 195 of the 1986 Regular Session which amended La.R.S. 38:2212A(1)(b) and added the following emphasized language, "[t]he provisions and requirements of this Section and those stated in the advertisement for bids shall not be considered as informalities and shall not be waived by any public entity." However, this amendment did not become effective until August 30, 1986, nearly two months after our decision in Pittman.
During the next legislative session the rule of Sullivan and Pittman was legislatively overruled when La.R.S. 38:2212A(1)(b) was again amended by Act 398 of 1987. The statute now provides that, "[t]he provisions and requirements of this Section, those stated in the advertisement for bids, and those required on the bid form shall not be considered as informalities and shall not be waived by any public entity." (Emphasis Added.)[1]
In examining the chronology of Sullivan, Pittman and the amendments to La.R.S. 38:2212A(1)(b), it is clear that the legislature sought to overrule the jurisprudence by removing any discretion that a public entity had to waive irregularities as to form, otherwise, there would be no meaning to the legislative enactments.[2] The majority does not explain how after legislative amendments to La.R.S. 38:2212A(1)(b) it ends up with the same result as prior to the amendments.

JURISPRUDENCE
Since the amendments, few courts have specifically addressed the issue of whether a public entity may continue to waive irregularities as to form. In many of the cases cited by the parties herein, the courts determined that the bids in question failed to comply with the substance of the bid requirements and therefore were properly rejected. Because the courts determined that the irregularities involved matters of substance rather than matters of form, the courts never reached the issue of whether a public entity still has discretion to waive irregularities of form. I briefly discuss these cases.
Systems Plus, Inc. v. East Jefferson General Hospital, 94-83 (La.App. 5 Cir. 5/31/94); 638 So.2d 404, involved a solicitation for bids for a contract to supply hospital gloves over a three year period. The bid specifications called for a flat price for each of the three years. The "Instructions to Bidders" also provided that, "[b]idders shall not attach any conditions or provisions to their proposal." Id. at 406. Systems Plus, the low numerical bidder, conditioned its bid on a minimum 25 case order. The bid further provided for price increases tied to the inflation rate in years two and three of the contract period. Id. The fifth circuit affirmed the trial court's *682 findings that the conditions placed on and attached to the bid were substantial enough to render the bid unresponsive to the bid specifications. Id. at 409.
C.R. Kirby Contractors, Inc. v. City of Lake Charles, 606 So.2d 952 (La.App. 3rd Cir.1992), involved a suit by the rejected bidder to enjoin an award to the next lowest bidder. Kirby failed to include in its bid a list of subcontractors to be used on the project. This was required by the bid specifications pursuant to a local ordinance. Id. at 954. The third circuit concluded that the city council properly rejected Kirby's bid for non-compliance with bid specifications. Id. at 955.
In Triad Resources and Systems Holdings, Inc. v. Parish of Lafourche, 577 So.2d 86 (La.App. 1st Cir.1990), writ denied, 578 So.2d 914 (La.1991), the bid specifications required all bidders to submit a statement of the bidder's financial resources, including latest financial statement, and equipment available for the work contemplated. Triad did not submit in its bid either a financial statement or a list of equipment available. Id. at 89. In concluding that Triad's bid was properly rejected, this court noted that, "Triad's bid was not responsive to the advertised specifications in substantive matters, thus, Triad had no protected interest in being awarded the contract." Id. at 90.
In Thigpen Construction Company, Inc. v. Parish of Jefferson, 560 So.2d 947 (La.App. 5th Cir.1990), the bidder failed to include a signature page in its bid. The bid forms required that all bids be properly signed by the bidder. Id. at 950. The fifth circuit found that "the failure to sign the bid was a substantial failure to comply with the terms of the contract proposal and, therefore, the Parish properly rejected it." Id. at 951. The court further noted that "bids which deviate from the specifications amount to no bids." Id. Because failure to sign the bid was non-fulfillment of a formal requirement specified in the bid proposal, the parish could not waive the irregularity. Id.
Stafford Construction Co. v. Terrebonne Parish School Board, cited by the majority in support of its conclusion, also involved a substantial variance. Plaintiff argued that the school board and trial court erred in awarding a contract to a bidder who failed to attach a corporate resolution to their bid. Id. at 559. We held that the bid lacked a necessary and substantial part, the corporate resolution. Id. at 560. Because the bid package varied substantially from that required, we held that the trial court was clearly wrong in reasoning that the lack of a corporate resolution was a "minor, insignificant formality." Id. at 561. What the majority failed to note is that the clear legislative intent as expressed by statutory amendments was never made an issue in Stafford. Regardless, as noted above, the defect was one of substance rather than one of form, which even prior to the legislative amendments could not be waived.
In each of the foregoing cases, the bid at issue varied substantially from the bid specifications. Thus, the appellate courts were not called upon to consider whether the current version of La.R.S. 38:2212A(1)(b) allows a public entity to waive errors of form. However, this issue has been discussed in Donald M. Clement Contractor, Inc. v. St. Charles Parish, 524 So.2d 86 (La.App. 5th Cir.1988) and V.C. Nora, Jr. Building & Remodeling, Inc. v. State, Through Department of Transportation and Development, 93-1469 (La.App. 3 Cir. 3/30/94); 635 So.2d 466.
In Clement the fifth circuit pointed out that La.R.S. 38:2212A(1)(b) no longer allows a public entity to waive irregularities of form. Clement, 524 So.2d at 89. The parish advertised for bids for the construction of an overextended sewerage system. The bid specifications mandated that the bid bond be issued by a bonding company with an "A" or better rating from A.M. Best. Id. at 87. The bond submitted by Clement was furnished by a company which was not listed or rated by A.M. Best. Id. Clement argued that the lack of an "A" bond was a mere formality which could be waived by the Parish. In rejecting this argument, the appellate court stated, "the provisions of L.S.A. 38:2212A(1)(b), supra, do not support this position." Id. at 89. After indicating that public entities can no longer waive errors of form, the court went on to hold that the bid *683 was properly rejected because Clement failed to follow the bid plans and specifications. Id.
The most recent appellate decision to discuss La.R.S. 38:22112A(1)(b) was V.C. Nora, wherein the third circuit, through Judge Knoll, now Justice Knoll, noted that, "the legislature has ... admonished us to consider no public contract provision as a mere formality." V.C. Nora, 635 So.2d at 470. There, it was the DOTD which implored the court to apply the Public Bid Law stricti juris.
In V.C. Nora, the bidder submitted a total bid price for each bid item rather than a unit price as required by the general bidding requirements. Id. at 470-71. The court acknowledged that under the facts, it was "apparent" that the bidder intended to bid $239,358.00 and not $41 million dollars. Yet, the court stated that such a conclusion did indeed require an interpretation outside the four corners of the bid. Id. at 471.
The court accepted DOTD's assertions that La.R.S. 38:2212A(1)(b) admonishes DOTD not to disregard contract requirements as mere formalities. DOTD argued that it was allowed no discretion to deviate from the requirements of unit prices. Id. at 472. The court reasoned:
Even though DOTD's rigid specifications as to the bid form may have seemingly harsh results, any interpretation but the most literal would contravene the stricti juris nature of the public contract laws.
Id. at 472 (Emphasis Added). Accordingly, the court concluded that Nora's bid was fatally defective for failure to provide unit prices as required. Id. at 473.
I would reject, as did the third circuit in V.C. Nora, the argument that Barber Brothers Contracting Co., Inc. v. Department of Transportation and Development, 529 So.2d 442 (La.App. 1st Cir.), rev'd, 533 So.2d 1226 (La.1988) demonstrates that a public entity retains the discretion to accept bids which are irregular in form. In Barber Brothers, H & S Construction Co. (H & S) submitted a bid with certain irregularities as shown below.
 SIDE DRAIN PIPE (18")
701(22)(G) 48 LINEAR FOOT THIRTEEN SEVENTY FIVE DOLLARS
 NO CENTS
 MOBILIZATION
727(01) LUMP LUMPSUM FIFTEEN DOLLARS
 THOUSAND CENTS
After seeking clarification from H & S, DOTD awarded the contract to H & S. Barber Brothers, the next lowest bidder, brought suit to annul the contract. The trial court affirmed the award to H & S. Id. at 444.
On appeal, we found that the bid was ambiguous and that under Section 102.08 of the 1982 edition of the Louisiana Standard Specifications for Roads and Bridges (the Gold Book), DOTD was required to reject the bid. Id. at 443-44. Section 102.08 of the Gold Book provided in pertinent part:
IRREGULAR PROPOSALS. Proposals will be considered irregular and will be rejected for any of the following reasons:
....
(2) If there are unauthorized additions, conditional or alternate bids or irregularities which make the proposal incomplete, indefinite or ambiguous as to its meaning.
We reversed the trial court and ordered DOTD to accept the bid of Barber Brothers. Id. at 445.
Our decision in Barber Brothers was clearly based on a finding that H & S's bid was ambiguous. The issue of whether the DOTD had discretion to waive irregularities as to form under La.R.S. 38:2212A(1)(b) was never raised. The supreme court granted writs, and without explanation, reversed our opinion and reinstated the trial court's judgment. *684 Barber Brothers, 533 So.2d at 1226. The only guidance given by the court was a brief concurrence by Justice Calogero:
CALOGERO, J., concurs, although preferring to bring the case up for full treatment. There is no ambiguity in the relevant bid language for there is no reasonable interpretation other than the construction given the bid by the district court. (Emphasis Added.)
Clearly Justice Calogero concurred on the grounds that there was no ambiguity in the bid. In reversing our decision, the supreme court did not determine whether a public entity still has discretion to waive irregularities of form under La.R.S. 38:2212A(1)(b). As pointed out by the third circuit in Nora, "even if the H & S bid in the Barber Bros. case was read literally in it's unclarified form, the total bid was still less than the next lowest bidder." Nora, 635 So.2d at 472.
Further, the majority's decision in L & M Demolition, Inc. v. City of New Orleans, 534 So.2d 27 (La.App. 4th Cir.1988), writ denied, 537 So.2d 1173 (La.1989) is not applicable to the present situation. In L & M Demolition, the issue was whether the city had the discretion to waive certain form requirements in a bid bond. Id. at 27. The majority discussed the legal distinction between bid bonds and performance bonds. The majority first noted that under La.R.S. 38:2216, the requirements for performance bonds are mandatory, and any deviation from the requirements would render a contract null and void. Id. at 28. The majority then noted that the statutory requirements of bid bonds as set forth in La.R.S. 38:2218, are permissive in nature and as such, susceptible of waiver. Id. at 28-29. The majority reasoned that because the legislature gave the public entity the discretion to eliminate entirely the requirement of a bid bond, then it follows that the entity has the discretion to waive informalities and irregularities in a bid bond. Id. at 29.
The majority's decision in L & M Demolition focused only on the permissive language of La.R.S. 38:2218. There was no discussion of the applicability of La.R.S. 38:2212A(1)(b). However, in a well reasoned dissent, Judge Barry, pointed out that, "once the City chose to require a bid bond when it advertised for bids, it was bound to those formal requirements contained in Section 2218(B) by Section 2212(A)(1)(b) and by 2218(B) itself." Id. at 30. Accordingly, the city had no right to waive the requirements. Id.

INTERPRETATION OF AMENDED LA.R.S. 38:2212(A)(1)(b)
There is no ambiguity in the statute at issue. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written without further interpretation in search of the intent of the legislature. La. Civ.Code art. 9; New Orleans Rosenbush Claims Service, Inc. v. City of New Orleans, 94-2223, p. 11 (La. 4/10/95); 653 So.2d 538, 544. The legislature is presumed to have enacted a statute in light of the preceding statutes involving the same subject matter and court decisions construing those statutes, and where the new statute is worded differently from the preceding statute, the legislature is presumed to have intended to change the law. New Orleans Rosenbush Claims Service, Inc., 653 So.2d at 544.
In 1987, the legislature amended La.R.S. 38:2212A(1)(b) to require that the provisions and requirements "required on the bid form" shall not be considered as informalities and shall not be waived. Clearly, the legislature intended to change the discretion previously given to public entities which allowed them to waive irregularities as to form. The fifth and third circuits, as well as the attorney general, have acknowledged that a change was made by the amendment. Furthermore, I find no jurisprudence which specifically holds that a public entity retains the discretion to waive errors of form.
The Public Bid Law was enacted in the interest of the taxpaying public to prevent public officials from awarding contracts on the basis of favoritism or at possibly exorbitant and extortionate prices. New Orleans Rosenbush Claims Service, Inc., 653 So.2d at 545; Airline Construction v. Ascension Parish School Board, 568 So.2d 1029, 1032 (La. 1990). Requiring strict adherence to all statutory and administrative requirements of the bidding process under La.R.S. 38:2212A(1)(b) is in keeping with this purpose.
*685 The majority herein finds that "[t]o deny a public entity the power to waive insignificant deviations in order to select a low bid on every public works project is contrary to the interests of the taxpaying citizens of this state." Certainly there is truth is that statement. However, by amending La.R.S. 38:2212A(1)(b) to remove any and all discretion from public entities to waive "insignificant deviations," the legislature has determined what is in the best interests of the taxpaying citizens of this state.
In the present case, the district court concluded that "the irregularities on the EEO form are mistakes of form, not substance.... A variation of substance must exist in the bid, whether by specification, bid procedure or otherwise, as a predicate for the rejection of the bid. Sullivan v. City of Baton Rouge, 345 So.2d 912 (La.App. 1st Cir.1976). Failing to find the improperly executed EEO form a variation of substance, DOTD was reasonable and justified in determine (sic) the bid was acceptable."
Finding that the legislature intended to overrule Sullivan and remove a public entity's discretion to waive irregularities of form, I would find that the district court erred in determining that Barriere's bids were acceptable. La.R.S. 38:2212A(1)(b) is clear and unambiguous. The statute prohibits any public entity from waiving requirements contained in the bid form. Accordingly, Barriere's bids were irregular for failure to properly execute the EEOC.

CONCURRENCE
I concur in the majority's handling of DOTD's motion to dismiss the appeal.
Therefore, for the above reasons, I respectfully concur in part and dissent in part.
NOTES
[*] Judge Remy Chiasson, retired, is sitting by special assignment of the Louisiana Supreme Court.
[1] The attorney general has also concluded that the rule of Sullivan and Pittman was legislatively overruled by Acts 195 of 1986 and 398 of 1987. La. Atty. Gen. Op. No. 93-633, p. 2 (1993).
[2] In interpreting the present version of La.R.S. 38:2212A(1)(b), the attorney general has also noted a change in the law which removes a public entity's discretion in dealing with irregularities of form. La. Atty. Gen. Op. No. 90-421, p. 3 (1990).